Sullivan, J.
Assumpsit by Gibson against P. B. L. Smith and Adolphus Smith, the makers, and Justin Smith, the indorser, of a promissory note payable to the said Justin Smith at the branch bank at Indianapolis. The defendants pleaded severally the general issue. The plea of Justin Smith was sworn to. The cause was tried by the Court and judgment rendered by the plaintifl'.
On the trial, the note described in the declaration was offered in evidence and received without objection. The in-dorsement was as follows, viz., “ Pay E. T. H. Gibson or order. Justin Smith, by P. B. L. Smith, att’y.” The demand of payment at the bank, the protest, and notice to the indorser, were duly proved. The only question at the trial was the authority of P. B. L. Smith to indorse the note as the agent of Justin Smith. The facts of the case, so far as they relate-to the controverted point, were as follows, viz., Justin Smith, *396 who resided at Edinburgh, was the owner of a grocery and provisionstoreintbetown of Indianapolis,which was attended and managed*by P. B. L. Smith. Justin Smith himself was occasionally at and about the store. P. B. L. Smith published advertisements signed by himself as the agent of Justin Smith, and when depositing money in bank did it in the same character. The former carried on a brokerage business also “ in a small way ” for the latter, and he was known “ to have transacted business in bank for him, such as selling bills on Cincinnati, and renewing a note/’
It is not pretended.that there was any special authority from Justin Smith to P. B. L. Smith to indorse the note in question. His authority, if he had any, must be inferred from other acts of agency,which, being -recognized by Justin Smith, would afford evidence of it in this case. From the testimony, it appears that P. B. L. Smith was the agent' of Justin Smith to buy and sell goods in the line of business in which he was engaged. In that capacity, his acts were the acts of his principal. But an authority to buy and sell goods for his principal does not confer a power to bind him by drawing or indorsing notes. In reference to the bills on Cincinnati sold by P. B. L. Smith for Justin Smith, and the note renewed in hank, the plaintiff’ offered no *evidence to4 show that in either case the former signed the name of the latter, and that if he did so, the act was adopted or recognized by Justin Smith.
There are cases in which an agency may be implied from the prior conduct of the principal, as where one subscribes policies in the name of another, and the latter, upon a loss happening, pays the amount (1 Camp., 43, n. a, 2 Stark. Cas„ 368); or where a person has, on former occasions in the principal’s absence, accepted bills for him, and the latter, on his return, approved of it (3 Esp. R., 60); or where a confidential clerk had been accustomed to draw checks for the defendants, who in one instance had authorized him to indorse, and in two other instances had received money obtained by his indorsing in their name. Prescott v. Flinn. 9 *397 Bingh., 19. But the rule of law is that no agency will he implied unless there be some evidence of recognition by the principal in the particular case, or in similar instances. Courteen v. Touse, 1 Campb., supra; Hooe et al. v. Oxley et al., 1 Wash., 19. In this case there is no evidence whatever of . such recognition.
P. Sweetser, for the appellants.
C. Fletcher, 0. Butler, and S. Yandes, for the appellee.
It does not appear that the note, which is the foundation of this suit,was ever in the possession of Justin Smith, or that he ever knew of its existence. It was drawn by P. B. L. Smith and Adolphus Smith payable to Justin Smith; and one of the makers, professing to be the agent of the payee, indorsed it in his name. BTo explanation accompanies the transaction; no evidence showing that it was for the benefit of Justin Smith,or authorized by him. Under the circumstances, the proof of the agency ought to be clear and conclusive.
Per Curiam.—The judgment is reversed with costs. Cause remanded, &c.