CHAPMAN *v.* HARPER and Another.

In a suit on a promissory note by an indorsee, the note and indorsement, if *oyer* of them has been asked and given, are a part of the declaration.
And if the suit on such note be by two persons as indorsees, and the indorsement shown on *oyer* be to only one of them, the suit cannot be maintained.

ERROR to the *Kosciusko* Circuit Court.

SULLIVAN, J.—This suit was commenced by *Harper* and *Raiguel*, indorsees of *Liston*, against *Chapman* on a promissory note. The declaration is in the usual form. The defendant pleaded, among other pleas, *nil debet.* The cause was tried by the Court, and judgment given for the plaintiffs.

*Saturday,
January 11,
1845.*

Before the defendant pleaded, he demanded *oyer* of the writing on which the suit was founded. It was given without objection, and a note corresponding to that set out in the declaration, indorsed to *Harper* alone, was produced.

Several questions are presented for our consideration, but the only one that need be noticed is, whether, if *oyer* be demanded of a promissory note, and it be given without objection, the note thereby becomes a part of the record.

It is well known that *oyer* is not properly demandable of an instrument not under seal, and if it be asked of such an instrument, it may be refused. But although it cannot be compelled, yet if it be in fact granted, the party who demanded it may consider the whole of what is set forth as making a part of his adversary's pleading, and use it accordingly. *Smith* v. *Yeomans*, 1 Saund. 316, note 2.—*Jefferey* v. *White*, Doug. 476.—1 Tidd's Pr. 502.—*Deming* v. *Bullitt*, 1 Blackf. 241. According to the principle of the cases cited, the note with the indorsement became a part of the declaration in this case, and showed that the plaintiffs were not entitled to maintain this suit.

*Per Curiam.*—The judgment is reversed with costs. Cause remanded, &c.

*D. D. Pratt*, for the plaintiff.

*J. A. Liston, J. B. Niles*, and *A. L. Osborn*, for the defendants.