Nov. Term,
1846.

MILLER *v.* EDMONSTON.

Time given by a parol agreement, whether upon a valid or an invalid considera-
tion, to one of two makers of a joint and several sealed note, is no defence to
a suit against the other maker on the note.

Three joint and several sealed notes against *A.* and *B.* were placed by the payee
in the hands of an attorney at law for collection without any special instruc-
tions. The attorney took an unsealed note to his client from *B.* for the whole
debt, and gave up to *B.* the sealed notes to be cancelled, and they were can-
celled accordingly. Subsequently, *B.*, at the attorney's request, confessed
judgment in favour of the payee on the unsealed note, and afterwards died in-
solvent, the judgment not being satisfied. *Held*, that a suit by the payee
against *A.* would lie on the sealed notes.

MILLER
v.
EDMONSTON.

ERROR to the *Dubois* Circuit Court.

DEWEY, J.—At the *February* term, 1844, of the *Dubois*
Circuit Court, *Miller* sued *Edmonston* on three sealed notes
alleged to be lost, dated 26th. *April*, 1832, each for 133 dol-
lars and 33⅓ cents, one payable in twelve months, one in
eighteen months, and one in two years. The parties sub-
mitted the cause to the Court upon the following agreed
case:

The notes described in the declaration were executed by
the defendant and one *Morgan* jointly and severally. On
the 8th of *June*, 1836, *Miller* agreed by parol with *Morgan*,
for a certain consideration, to give him further time on the
notes until the 25th of *January* following. On the 2d of
*August*, 1841, the notes having been previously placed by
*Miller* in the hands of an attorney at law for collection,
without any special instructions, the attorney took from *Mor-
gan* his unsealed note for 626 dollars, payable to *Miller* one
day after date, and gave up to *Morgan* the three notes de-
scribed in the declaration to be cancelled, and they were
cancelled accordingly. Subsequently (but when does not
appear), *Morgan*, at the request of the attorney, confessed a
judgment to *Miller* on the substituted note, which judgment
is still unsatisfied. *Morgan* afterwards died insolvent.

The Circuit Court rendered a judgment in favour of the
defendant.

We do not think the judgment can be sustained. The
granting indulgence by parol, whether upon a valid or an in-
valid consideration, to one of two joint and several obligors,

*Wednesday
December 9.*

does not constitute a defence at law by the other obligor against any part of the joint and several debt.

When a demand is placed in the hands of an attorney at law for collection, without any special instructions, the authority conferred upon, and the duty assumed by him, is to use due diligence to collect the debt by suit or otherwise. He has no authority to compromise with the debtor, and cannot bind his principal by any arrangement short of an actual collection of the money. The transactions of the attorney as stated in the record, therefore, were nugatory, and had no binding effect upon his principal, the plaintiff. The notes which were improperly surrendered and cancelled, nevertheless remain in force. Nor does the judgment confessed on the new note alter the case. The taking the judgment was equally unauthorized as the surrender of the old notes, and cannot merge them. Had it appeared that the plaintiff ratified the acts of his attorney, the result would have been different; but it is not shown that he even had a knowledge of the doings of the attorney.

*Per Curiam.*—The judgment is reversed with costs. Cause remanded, &c.

*H. P. Thornton*, for the plaintiff.

*J. Pitcher*, *E. S. Terry*, and *O. H. Smith*, for the defendant.