AT INDIANAPOLIS, MAY TERM, 1849, IN THE THIRTY-THIRD
YEAR OF THE STATE.

---

*PERKINS*, J., owing to severe indisposition, was absent nearly the whole of this term.

---

### CORNING and Another *v.* STRONG and Others.

An agent employed to collect an account, receive payment, and receipt therefor, has no authority to give a discharge upon the receipt of a note for the amount, payable to himself; and if he does so and assigns the note, and the assignee sues the payee, and if the principal also sues on the account, a bill of interpleader cannot be sustained by the debtor.

ERROR to the *Cass* Circuit Court.

Monday, May 28.

SMITH, J.—This suit was commenced by a bill of interpleader. The bill alleges that *Strong* and *Miller*, co-partners at *Logansport*, *Indiana*, on the 3d of *September*, 1840, bought of *Corning* and *Horner*, co-partners at *Albany*, *New York*, a bill of goods amounting to 428 dollars and 37 cents on a credit of six months; they gave no note, but the foregoing amount was charged against them on

the books of *Corning* and *Co.;* that, on the 30th of *May,* 1842, *Corning* and *Co.*, gave to one *Robt. E. Ward,* their agent, a written order, directing the complainants to pay said amount to said *Ward;* that, on the 24th of *June,* 1842, *Ward* called on the complainants with said order, and a statement of the amount due *Corning* and *Co.*, and requested a settlement; they then paid him 10 dollars in cash and executed to him their note for 466 dollars and 93 cents. This note was drawn payable to the order of *Ward* at the branch of the *State Bank of Indiana,* at *South Bend,* on the first day of *October* next ensuing. The statement of the account of *Corning* and *Co.*, the order to pay the amount to *Ward,* and a receipt of the latter indorsed upon it, are in the following words:

Messrs. *Strong* and *Miller* to *E. Corning* and *Co.*,      Dr.
1840. *Sept.* 3.    To merchandise at 6 mos. 28th

| | | |
|---|---:|---:|
| August, .................. | $428 | 37 |
| Interest 15 mos. 3 days,····· | 37 | 69 |
| | | |
| Due 1st of *June,* 1842,······ | 466 | 06 |
| Interest to *Oct.,*············ | 10 | 87 |
| | | |
| | $476 | 93 |

Messrs. *Strong* and *Miller:*

Please pay the above amount to *Robert E. Ward,* and his receipt shall be your discharge.

                                        *Erastus Corning* and *Co.*

| | | |
|---|---:|---:|
| 1842. *June* 20.    By cash, ............... | 10 | 00 |
| Note due *Oct.,* ........... | 466 | 93 |
| | | |
| | $476 | 93 |

Rec'd note as above, which, if paid, will be in full of this acc't.          *E. Corning* and *Co.—R. E. Ward.*

The bill then alleges, that sometime after the complainants had delivered their note to *Ward,* but how long after they do not know, *Ward* indorsed said note in blank, and delivered it to *Wheeler* and *Porter,* which firm afterwards indorsed it to *John S. Patterson* for their use; that said *Patterson,* as such indorsee, has sued the com-

plainants in an action of debt in the *Cass* Circuit Court;
and that *Corning* and *Co.* have likewise instituted an action of assumpsit in the same Court for the amount of
their account against the complainants, except the sum of
10 dollars paid *Ward* in cash, and claiming that the note
given to the latter is no bar to their recovery.

The complainants admit that there remains due from
them 533 dollars and 71 cents on said note or account,
and aver their readiness to pay the same to the person
entitled to receive it. They say they have offered to pay
the same to *Corning* and *Co.* upon being indemnified, but
that the latter refused to indemnify them against the
claims of *Ward's* assignees. They therefore pray that
*Corning* and *Co.* and *Patterson* be required to interplead
and adjust the claim between themselves. They offer to
bring the money into Court, and pray an injunction to restrain all further proceedings in the actions at law.

Upon the above bill being filed, *Patterson* and *Corning*
and *Co.* entered their appearance and waived the bringing the money into Court. An injunction was then
granted agreeably to the prayer of the bill.

*Wheeler* and *Porter* answer, denying all knowledge that
the note was for a debt due *Corning* and *Co.*, or of their
claim to the proceeds, and alleging that *Ward* indorsed
the note to them for full value, in payment of his own
debts. They say they indorsed the note to *Patterson*
merely for collection, and that the latter claims no other
interest in it. *Patterson* also answers, disclaiming all interest.

*Corning* and *Co.*, in their answer, aver that the account still remains due and unsettled on their books;
that the complainants neglected and refused to pay the
same; and they did authorize *Ward* to present the account and receive payment in money, but that they gave
him no authority other than was conferred by the written
order at the foot of their account, and that they never in
any way assented to or recognized the giving or the receipt of said note.

Upon the above answers being filed, the Court, on the

May Term,
1849.
——————
CORNING
v.
STRONG.

9th of *February*, 1846, made a decree dissolving the injunction against *Patterson*, and perpetually enjoining *Corning* and *Co.* from proceeding with their suit at law against the complainants.

The decree must be reversed. The order directed to the complainants by *Corning* and *Co.*, did not authorize *Ward* to accept from the former a note payable to himself, and his doing so did not bind *Corning* and *Co.* The receipt of a note for a precedent debt is not a payment; and an agent sent to collect such debt has no authority to give a discharge upon the receipt of a note or bill. *Ward* v. *Evans*, 2 Ld. Ray. 928.—Salk. 442.—*Sykes* v. *Giles*, 5 Mees. & Welsb. 645. Upon the same principle it was held by this Court, in *Miller* v. *Edmonston*, 8 Blackf. 291, that when notes are placed in the hands of an attorney at law for collection, the attorney has no authority to cancel them upon the receipt of new notes given by the debtors, and that the owners are not thereby barred from bringing suits on the original notes against the makers. An agent with limited powers must conform strictly to such powers or his principal will not be bound. *Ward*, as the agent of *Corning* and *Co.*, was authorized to receive payment of their account and receipt therefor. The taking of a note in his own name, payable at a future day, was an attempt to transfer the debt to himself with a postponement of the right to enforce payment. It can, in no sense, be considered a payment of their debt by *Strong* and *Miller*, and they were not authorized by the order of *Corning* and *Co.* to consider *Ward* as the agent of the latter for any other purpose than to receive such payment.

*Per Curiam.* — The decree is reversed, with costs. Cause remanded, with instructions to the Circuit Court to dismiss the bill.

*H. P. Biddle*, for the plaintiffs.

*J. A. Wright*, for the defendants.