WAKEMAN and Others *v.* JONES and Another.

The discharge, with the plaintiff's consent, of a defendant in custody on a *capias ad satisfaciendum* operates as a discharge of the judgment.

A *fieri facias* issued on a judgment which had been satisfied by the discharge of the defendant with the plaintiff's consent. The defendant moved the Court to set aside said writ, and have satisfaction of said judgment entered upon the record. The case was submitted upon the affidavits filed by both parties, and the facts shown by the records of the Court. *Held,* that as the material facts were not controverted, and the affidavits were filed upon both sides, without objection at the time, no objection could be now made in this Court on that ground.

An attorney has no authority to compromise with a debtor or bind his principal by any arrangement for the satisfaction of a debt, short of an actual collection of the money.

APPEAL from the *Vigo* Circuit Court.

SMITH, J.—*Wakeman, Kenyon, McElroy,* and *Bragg,* who constituted a firm doing business in the city of *New York,* under the firm-name of *Wakeman, Kenyon,* and *Co.,* recovered a judgment in the *Vigo* Circuit Court, in *October,* 1838, against *Ezra M. Jones* and *Joseph O. Jones,* for 3,138 dollars and 16 cents.

The present case arose upon a motion made by the appellees, to have a writ of *fieri facias* issued on the 6th of *November,* 1846, set aside, and satisfaction of said judgment entered upon the record. The parties appeared, and the case having been submitted upon affidavits filed by both parties and the facts shown by the records of the Court, the motion of the appellees was sustained.

It appeared, by a bill of exceptions which purported to contain all the evidence, that on the 8th of *January,* 1839, the appellants caused a writ of *capias ad satisfaciendum* to be issued, upon which the sheriff made return that *Ezra M. Jones* was not found, and that the writ had been executed on *Joseph O. Jones,* who had given bond to keep within the prison limits, under an act then in force. Afterwards the following entry was made upon the judgment-docket:

"The defendant, *Joseph O. Jones,* having been taken in execution upon this judgment, was discharged by consent

of the plaintiffs, in pursuance of the agreement of the parties. *April* 1st, 1839.

"*Wright* and *Gookins*, attorneys for plaintiffs."

The agreement, referred to in this entry, was made in writing, on the 1st of *April*, 1839, between *Hiram Smith, Marion M. Hikox*, and *Joseph O. Jones* of one part, and on the part of the appellants by *Wright* and *Gookins*, as their attorneys. After reciting the recovery of the judgment, the issuing of the writ of *capias ad satisfaciendum*, the arrest of the said *Jones*, the execution of a bond to keep within the prison bounds, by *Jones*, with the said *Hikox* as his security, and the desire of the parties to adjust and compromise the demand, it was agreed that said *Hikox* would undertake to pay 500 dollars of said debt by the 1st of *May* then next ensuing, that said *Smith* should pay 500 dollars thereof within four months, and that said *Jones* should transfer to the appellants certain demands and their proceeds then collected and in the hands of the officers, and other good demands then due, amounting, in the whole, with the money collected and the sums to be paid by *Hikox* and *Smith*, to 2,250 dollars; in consideration whereof, the appellants were to take the last mentioned sum in full satisfaction of their judgment, and said *Jones* was to be "forthwith discharged from arrest and from the custody of the sheriff." Then followed the following stipulations:

"This agreement is made by said *Jones, Smith*, and *Hikox*, in person, and on the part of *Wakeman, Kenyon*, and *Co.*, by *Wright* and *Gookins*, their attorneys, and is to be submitted to *Wakeman, Kenyon*, and *Co.*, for their approval or rejection. If approved by them the agreement is to stand, if not approved it is to be annulled and to become void, and in that case said *Jones* is to surrender himself into the custody of the sheriff, and stand committed in the same manner as if this agreement had never been made, and the discharge of said *Jones* is not to be taken or considered a satisfaction of the judgment aforesaid, nor to prejudice the right of said *Wakeman, Kenyon*, and *Co.*, to execution thereon in the same manner as if this agree-

ment had not been made, and the bond given by said *Hilcox* and *Jones*, on the part of said *Jones*, for the prison limits, shall remain in full force and virtue."

The next day after this agreement had been entered into, to-wit, on the 2d day of *April*, *Wright* and *Gookins* addressed a letter to *Bragg*, a member of the firm, with whom they had previously ·corresponded on the subject, and who was authorized by the other members to give directions relative to the collection of the claim. In their letter of that date, after making an unfavorable representation of the pecuniary affairs of the appellees, *Wright* and *Gookins* thus state the terms of the agreement: " With · this view of the case, we were induced to make an agreement with them which we closed yesterday, the terms of which are as follows :—One of your propositions, was to take 2,250 dollars, say, due *January*, 1839, instead of which, the substance of the agreement made yesterday between *Jones* ·and two good securities of one part, and ourselves as your attorneys on the other part, is, that 500 dollars shall be paid within one month, 500 dollars within four months, and the remainder of 2,250 dollars, that is, 1,250 dollars, to be paid in good notes and judgments now due and subject to the shortest legal process for collection. Of the latter, say, from 300 dollars to 400 dollars, are now collected and in the officer's hands, and can be paid, say, 1st of *May*, (giving us time to correspond with you,) *Jones* to be discharged from arrest. This arrangement is to be submitted to you for your approval or rejection. If approved, the arrangement stands, if not, it is void, and *Jones* stands in custody as at present, being confined to the prison limits, we surrender the securities taken, and the matters are to stand as if no arrangement had been made, and having thus submitted the whole matter for your consideration we will wait your reply."

To this letter *Wright* and *Gookins* received an answer, dated at *New York*, the 12th of *April*, 1839, and signed by *Bragg* for the firm, in which he says he has the fullest confidence in the judgment of *Wright* and *Gookins;* that

they, being upon the spot, could judge more correctly for his interest than he could in *New York*, and that he, therefore, accepts and ratifies the agreement they had made with the appellees

The sums agreed to be paid by *Hikox* and *Smith* were collected and paid to the appellants. Some other sums were also collected and paid over to them, the payments made amounting in the whole, according to the testimony of Mr. *Gookins*, to 1,915 dollars 67 cents. The last payment to them was made in *July*, 1841.

No assignment of the notes and other assets, specified in the agreement of the 1st of *April*, was made until the 6th of *June*, following, when another agreement was entered into by the appellees upon the one part, and the appellants, by *Wright* and *Gookins*, their attorneys, and other creditors of the appellees, upon the other part, whereby the appellees made a general assignment of their property to said creditors. This property consisted of notes, accounts, and judgments specified in a schedule, and the proceeds were to be applied—first, to the payment of a debt due a certain firm styled *McCoon* and *Sherman*, amounting to more than 300 dollars ; secondly, to the payment of the sum of 2,250 dollars to the appellants, according to the terms of the agreement of the 1st of *April;* and thirdly, to the payment of the debts due the other named creditors.

One objection taken to the proceedings of the Circuit Court, in this case, refers to the nature of the proof. It is contended that affidavits should not have been received as testimony. The material facts, however, upon which the case must be decided, were not controverted by the parties, and as affidavits were filed upon both sides, without objection in the Circuit Court, we do not think any valid objection can now be made to the judgment on that ground.

It is a well established principle, recognized by this Court in the cases of *Tatem* v. *Potts*, 5 Blackf. 534, and *Prentiss* v. *Hinton*, 6. Blackf. 35, that the discharge, with

the plaintiffs' consent, of a defendant, in custody on a *capias ad satisfaciendum*, operates as a discharge of the judgment (1).

It is admitted by the appellants, that they consented to such an agreement as the letter of their attorneys, dated the 2d of *April*, purported substantially to describe ; but they say that letter did not truly represent the agreement which had been entered into, and therefore, they are not bound by any thing contained in it.   The point in which they insist there is a material variance between the agreement actually entered into, and that described in the letter, is, that in the latter it was represented that the payment of the whole sum of 2,250 dollars, was to be guarantied by two sureties.  We do not think, however, the phraseology of the letter will fairly bear that construction.   It is distinctly stated, that the sum of 1,250 dollars, being that portion of the whole amount over and above the sums which *Smith* and *Hikox* undertook to pay, was to be paid in notes and judgments then due, and a part of the proceeds of·which was then collected and in the hands of the officers ; and when it is considered, that the parties acted under it for several years, during which period Mr. *Bragg* visited *Terre Haute*, as is stated in the affidavit of Mr. *Gookins*, and upon being there informed by his counsel of the general state of the business, expressed no dissatisfaction, we do not think the appellants can now, merely upon the ground of this alleged variance, say they were deceived by the letter of their attorneys, and did not consent to, or ratify the agreement.  It is, therefore, unnecessary to inquire, whether, if they had been so deceived, the position assumed by them would have been tenable.

It is also urged by the appellants, that their consent to the discharge of the judgment depended upon the performance of the terms of the agreement, which the appellees never did fully perform.   We think it sufficiently clear, however, that, by the terms of the agreement, *Jones* was to be discharged from arrest upon its ratification or acceptance by the appellants, and that it could not have

Nov. Term, 1849.

WAKEMAN . v. JONES.

been understood, either from the agreement itself or the letter directed to them by *Wright* and *Gookins* on the 2d of *April*, that *Jones* was to continue in custody until the terms of the agreement were complied with.

The case of *Miller* v. *Edmonston*, 8 Blackf. 291, is cited by the appellants in support of the position, that an attorney has no authority to compromise with a debtor, or to bind his principal by any arrangement for the satisfaction of a debt placed in his hands for collection, short of an actual collection of the money. Of the correctness of this doctrine there can be no doubt, but in this case we think it sufficiently appears that the agreement was ratified and confirmed by the principals.

*Per Curiam.*—The judgment is affirmed.

*J. P. Usher* and *W. D. Griswold*, for the appellants.

*J. H. Henry*, for the appellees.

(1) *Bassel* v. *Salter*, 1 Mod. 136.—*Vigus* v. *Aldrick*, 4 Burr. 2482.—*Tanner* v. *Hague*, 7 T. R. 420.—*Clark* v. *Clement*, 6. id. 525.—*Ranson* v. *Keys*, 9 Cow. 128—138.—*Blackburn* v. *Stupart*, 2 East, 243.