May Term, 1853.

PALMER
v.
EGBERT.

</div>

---

## PALMER *v.* EGBERT.

When an agent takes a note in his own name for a debt due to his principal, and assigns the note to the latter, the maker cannot set up as a defence to a suit by the latter upon the note, that when it was made the agent was not authorized to take it in his own name.

APPEAL from the *St. Joseph* Circuit Court.

STUART, J.—*Palmer*, the assignee of a note, brought suit against *Egbert*, and recovered. *Egbert* appealed to the Circuit Court. On the trial in that Court, a jury was waived, and there was a finding for the defendant. Motion for a new trial overruled, and judgment on the finding. The evidence is all set out in a bill of exceptions.

The assigned note was the only evidence for the plaintiff. On the part of the defence, it appeared that *Chapin*, the payee of the note, was the agent of *Palmer* to rent certain property in *South Bend;* that *Egbert* had occupied the property; that the consideration of the note was rent due from *Egbert* to *Palmer;* that in settling the rent *Chapin* took the note payable to himself, and before suit assigned it to *Palmer;* that there was no other consideration for the note passing between *Chapin* and *Egbert*, save the rent due *Palmer.* Unlike the case of *Corning* v. *Strong* and others, 1 Ind. 329, there is no controversy or misunderstanding between *Chapin* and *Palmer* in relation

<div style="text-align:right;">

*Tuesday,
May* 24.

</div>

to it. On the contrary, the acts of *Palmer* sanction the course pursued by his agent.

It does not seem to us that there is any obstacle in the way of *Palmer's* recovery. The record will be ample protection to *Egbert* to bar any other suit for the rent.

*Per Curiam.*—The judgment is reversed with costs. Cause remanded, &c.

*J. L. Jernegan*, for the appellant.

*J. B. Niles*, for the appellee.