Nov. Term,
1854.

WAKEMAN
v.
JONES.

*Per Curiam.*—The judgment is affirmed with costs.

*C. C. Nave*, for the appellant.

*D. C. Chipman*, for the state.

---

WAKEMAN and Others *v.* JONES.

Prior to the act of 1851, (Laws 1851, p. 47), the overruling of an objection to evidence could not be assigned for error, unless the record disclosed that the ground of objection had been pointed out to the Court below.

While that act was in force the rule was different.

It was agreed between the parties to a suit that the defendant might offer in evidence, under the general issue, any defence which he could if the same were pleaded specially. *Held*, that the defendant was excused by the agreement from proving the execution of a written instrument set up in defence.

*Wednesday,
December 6.*

ERROR to the *Vigo* Circuit Court.

STUART, J.—The facts of this case are stated fully in *Wakeman* v. *Jones*, 1 Ind. 517. It is needless to repeat them. But though between the same parties, the cases are not the same. That was a motion to set aside a *fi. fa.* and enter satisfaction of a judgment. This is a suit on the instrument which was the basis of that motion. Plea; the general issue, with agreement that any matter which could be pleaded might be given in evidence under that issue. Trial by jury. Verdict and judgment for defendant.

The evidence is all made part of the record in proper form.

Nov. Term, 1854.

WAKEMAN
v.
JONES.

In 1 Ind., *supra*, it was intimated that the agreement of *April*, 1839, was ratified by *Wakeman & Co.;* and that their long acquiescence in the assignment of *June*, 1839, and their receipt of money under it, was a ratification of that also. This was the issue submitted to the jury by the pleadings and evidence in the case at bar, and the jury, correctly as we think, found that the assignment of *June*, 1839, was treated by *Wakeman & Co.* as a substantial compliance with the stipulations of the agreement of *April*, 1839. The plaintiffs had suffered it to slumber several years without objection; and of the 2,250 dollars for the payment of which it had provided, they had received under it 1,915 dollars. Objection to the assignment of *June*, 1839, as not in accordance with the terms of the prior contract, comes, under all these circumstances, entirely too late. They have treated the one as a discharge of the other, as they had a right to do, and must now abide by it. The instructions of the Court and the verdict of the jury were correct, and as a fair adjudication of the merits, should be sustained.

But there is a question of evidence presented by the bill of exceptions which must be noticed.

The assignment of *June*, 1839, with the schedule of debts, &c., is signed by *Jones*, and also by several of his creditors, among others by *Wakeman & Co.* It is attested by *Lester Wright*. Before offering this paper in evidence, the defendant "duly proved it," says the record, by *S. B. Gookins*. The plaintiff objected to its introduction and to the evidence of Mr. *Gookins* in relation to it. But the Court overruled the objection, and permitted it to go to the jury. No reason was given by the plaintiffs why they objected—no ground of objection was pointed out at the time.

This Court has repeatedly held that the overruling of an objection to evidence can not be assigned as error, unless the record discloses that the ground of objection had been pointed out to the Court below. *Russell* v. *Branham*, 8 Blackf. 277. This is but simple justice to that Court and to the party offering the evidence. Had the ground of

objection been disclosed, the ruling might have been different—the error, if any, avoided. In this instance, the party offering the evidence might have been able to substitute *Wright* for *Gookins*, or to account for his absence. For the ground of objection, for the first time taken in this Court, is, that the attesting witness was not produced nor his absence accounted for.

Against a mode of objection so unfair both to the lower tribunals and to parties, and so liable to abuse, Courts of last resort very properly leaned; and the salutary rule recognized in *Russell* v. *Branham, supra*, was the result.

Frequently, however, when such evils were arrested by the Courts, the weapons of chicanery were, under the old regimè, unwittingly supplied by the legislature. A mischievous act was often inadvertently passed, setting aside a wholesome rule, to obviate the seeming hardship of its application in a particular case. Occasionally such legislation seemed to have no higher object than to serve a purpose or cure a blunder. The vicious principle involved in the misnamed remedial statute, seemed to be wholly overlooked. Accordingly, without, it is hoped, seeing or intending the injurious consequences, an act was passed *February* 17, 1851, providing that for the past and the future, an objection to the introduction of evidence in the Court below, without disclosing any reason, should be sufficient on error. The act was made to take effect from and after its passage.

The trial of this cause took place in *March*, 1851, and of course the act of *February*, 1851, (Laws of 1850-1, p. 47), applied.

But there is another question behind that. If it be admitted that the instrument was improperly introduced under this act on the evidence of Mr. *Gookins*, without accounting for the absence of the subscribing witness, *Wright*, still the inquiry remains, whether in the state of the pleadings it was necessary to prove the execution of the assignment.

We are clearly of opinion that it was not. For had the assignment and schedule been pleaded specially, they

could have been offered in evidence without proving their execution. R. S. 1843, p. 711. By agreement of parties, we think that such proof was waived. That agreement is in these words, and accompanied by the general issue, viz.: "And by the parties it was agreed that the defendant might offer in evidence any defence under the above plea which he could if the same were specially pleaded with the plea; the plaintiffs reserving all other objections." This agreement clearly embraces the ground of objection here made. It places the introduction of instruments of evidence on the same ground as though they had been set up by plea. The objection urged for the first time in this Court can not be classed among those expressly reserved by the plaintiffs. In this state of the pleadings, proof of the assignment was not necessary. The evidence in relation to that point being, at most, superfluous and harmless, its introduction could not be assigned as error.

*Per Curiam.*—The judgment is affirmed with costs.

*W. D. Griswold* and *J. P. Usher*, for the plaintiffs.
*S. Judah* and *A. Kinney*, for the defendant.