## O'CONNER *v.* ARNOLD ET AL

PRINCIPAL AND AGENT.—*Attorney.*—*Ratification.*—An account having been placed in the hands of an attorney by the creditor for collection, and the attorney having presented it to the debtor for payment, the debtor afterwards paid a part of the claim to another person who occupied the same office with said attorney, and who gave a receipt for the money so paid, signed by him as for said attorney, but who had no business connection with said attorney, and had no authority from him or from said creditor to receive said payment, which act was not ratified by said creditor,

but was ratified by his said attorney, who never received the money so paid, and who afterwards repudiated said act, on learning that his client had never received the money so paid.

*Held*, in an action on said account, that the creditor was not bound by said payment.

From the Shelby Circuit Court.

*S. Major*, for appellant.

*C. Wright* and *G. M. Wright*, for appellees.

BIDDLE, J.—The appellees placed an account against the appellant, for merchandise sold and delivered to him, in the hands of Richard Norris, an attorney, for collection. Norris proceeded by suit and recovered judgment against the appellant for four hundred and ninety-seven dollars and thirty-four cents. This is the judgment before us, which the appellant seeks to reverse.

Before suit was brought, while the account was in the hands of Norris for collection, and after it had been presented for payment to the appellant by Norris, the appellant paid to G. D. Henkle, to be credited on the account, one hundred and fifty dollars, for which Henkle, who occupied the same room with Norris, but had no business connection with him, gave a receipt accordingly, signed, "Richard Norris, per G. D. Henkle." At the time Henkle so received the money from the appellant and gave the receipt for it, he had no authority from the appellees nor from Norris to so receive it. On being told of the transaction by Henkle, Norris ratified the act; but, afterwards, on ascertaining that the appellees never had received the money so paid to Henkle by the appellant, he repudiated the act of Henkle. The money never came to the hands of Norris, and the appellees never authorized nor ratified the act of Henkle. Were the appellees bound by the payment thus made to Henkle by the appellant and so ratified by Norris? This is the sole question in the case. If they were so bound, the judgment is too much by one hundred and fifty dollars and interest upon it. If they were not so bound, then the judgment is right.

" When a demand is placed in the hands of an attorney at law for collection, without any special instructions, the authority conferred upon, and the duty assumed by, him is [are] to use due diligence to collect the debt by suit or otherwise. He has no authority to compromise with the debtor, and cannot bind his principal by any arrangement short of an actual collection of the money." *Miller* v. *Edmonston,* 8 Blackf. 291. The same principle is adhered to in *Corning* v. *Strong,* 1 Ind. 329. The agency of Norris involved in its duties particular learning and professional skill. These he could not delegate. The act of an agent appointed by an agent will not bind the original principal, unless the appointment of such sub-agent was by authority expressed or implied, or afterwards ratified by the principal. The relation of principal and agent did not exist between the appellees and Henkle, and it is plain that Norris could not, by virtue of his agency from the appellees, appoint Henkle a substitute, so as to make his acts bind the appellees; and if this be plain, it is just as plain that the ratification of Henkle's acts by Norris did not bind the appellees. If he could not authorize the act, he could not ratify it. When the appellant paid the money to Henkle, he had no reason to suppose that Henkle was the agent of the appellees, or that his act would bind them. Indeed, he had strong reasons to believe otherwise; because he knew that the claim was in the hands of Norris for collection. We are of opinion that the one hundred and fifty dollars was not a proper credit against the account of the appellees. The two cases cited above we regard as in point with this case. The following cases touching agencies, though not directly in point, fortify this opinion:

*Smith* v. *Gibson,* 6 Blackf. 369; *Kirk* v. *Hiatt,* 2 Ind. 322; *Pruitt* v. *Miller,* 3 Ind. 16; *Reitz* v. *Martin,* 12 Ind. 306; *Berry* v. *Anderson,* 22 Ind. 36; *Cruzan* v. *Smith,* 41 Ind. 288; *Rathel* v. *Brady,* 44 Ind. 412; *The Indianapolis, etc., Union* v. *The Cleveland, etc., R. W. Co.,* 45 Ind. 281;

*Loomis* v. *Simpson*, 13 Iowa, 532; *Smith* v. *Sublett*, 28 Texas, 163.

The judgment is affirmed, with costs.