No. 7283.

McCORMICK ET AL. *v.* THE WALTER A. WOOD M. AND R. M. CO. ET AL.

SHERIFF'S SALE.—*Personal Property.—Receipt.—Bid Void Unless Money is Paid.*—When a sheriff offers personal property for sale on an execution, and a bid therefor is received and accepted by the sheriff, and a receipt given by him for the amount of such bid. when in fact no money was paid, such receipt is void.

SAME.—*Agent.—Power to Receipt Execution.*—A sheriff is a special agent. and has no power to execute a receipt for the money bid on sale of property on execution. without receiving the same.

SAME.—*Execution.—Judgment.—Revivor.—Replevin Bail.*—An action may be maintained by a judgment plaintiff against an execution defendant and his replevin bail. to correct an execution, on which a sale of personal property has been made. by erasing therefrom the receipt thereon, and to expunge such receipt from the records of the court. and to revive the judgment on which the execution issued, where the bid on.

McCormick *et al. v.* The Walter A. Wood M. and R. M. Co. *et al.*

such property had not been paid, or title thereto or possession thereof acquired by the purchaser. and where neither the judgment debtor nor his replevin bail has suffered any loss by reason of such sale.

ATTORNEY.—*Authority to Receipt Judgment.*—*Statute Construed.*—Under section 772 of 2 R. S. 1876, p. 305, the attorney of a judgment plaintiff has no authority to receive anything else but money on his client's judgment, and can not, except upon payment of money, receipt the judgment or execution issued thereon.

SAME.—*Receipt of, When not Binding on Client.*—Under said section, a receipt executed by an attorney on a judgment or execution, when no money is received, is not binding on his client.

From the White Circuit Court.

*D. Turpie, H. D. Pierce* and *J. H. Wallace,* for appellants.

*A. W. Reynolds* and *E. W. Sellers,* for appellees.

HOWK, J.—In this action the appellees, The Walter A. Wood Mowing and Reaping Machine Company and Henry P. Owens, were the plaintiffs below, and the appellants, John P. McCormick and Spencer C. Hart, were the defendants. The appellants' demurrer to the complaint, for the alleged insufficiency of the facts therein to constitute a cause of action, was overruled by the court; and to this ruling they excepted; and, refusing to answer further, the court rendered judgment against them, in favor of the appellees, for the relief prayed for in their complaint, and from this judgment this appeal is now here prosecuted.

The appellants have assigned errors in this court which call in question the sufficiency of the facts stated in appellees' complaint to constitute a cause of action, and this is the only question in this case presented for our decision.

In their complaint the appellees alleged, in substance, that on the 27th day of October, 1874, the appellee, the said machine company, by the consideration of the court below, recovered a judgment against the appellant McCormick, for the sum of $235.50, and the cost of suit; that afterward,

on the —— day of ————, 187–, the appellant Spencer C. Hart acknowledged himself replevin bail for the stay of execution on said judgment; that afterward, on August 3d, 1877, an execution was issued on said judgment, and delivered to the sheriff of White county; that on October 3d, 1877, the said sheriff levied said execution on eighty acres of corn, growing on the north half of the southwest quarter of section 1, township 25 north, of range 5 west, in said county, as the property of said McCormick; that, on October 19th, 1877, after having advertised said corn for sale according to law, the said sheriff sold the same, at public auction, to the appellee Owens, for the sum of $179.75, that being the highest and best bid made therefor; that the said sheriff receipted to said Owens, on said execution, for the amount of his bid, and Matlock and Owens, the attorneys for said machine company, receipted to the sheriff upon said writ for the amount of said bid; that the amount of said Owens' bid was not paid to the sheriff at the time he executed his receipt therefor, nor at any other time; that the sheriff did not pay said sum of money to said Matlock and Owens, at the time they executed their receipt therefor on said writ, nor at any other time.

The appellees further allege in their complaint, at great length and with much particularity, that the said Owens never acquired any title to or possession of the growing corn, purchased by him at the sheriff's sale thereof, and the reasons therefor; and that the sheriff had not sold said corn for money, and had not received any money on account of such sale; and that neither the machine company nor its attorneys had ever received any money on said judgment or execution from the sheriff's sale of said growing corn.

The appellees prayed judgment, that the execution upon which the said sale was made might be corrected by erasing therefrom the receipts thereon, and that the said receipts might be expunged from the records of the court, and from

the record of said execution on the execution docket of the court, and that the judgment might be revived as to the said sum of $179.75, and for all proper relief.

We are of the opinion that the court committed no error in overruling the appellants' demurrer to the appellees' complaint. It will be observed that this is a suit by the judgment plaintiff against the judgment defendant and his replevin bail. It does not appear that either of the appellants was in any manner injured or damnified, or subjected to loss of any kind, by the levy upon and sale by the sheriff of the growing corn, or by any act of the judgment plaintiff or of its attorneys. It is clear, we think, from the allegations of the complaint taken as true, as they must be, as the case comes before us, that the judgment below, setting aside and holding for naught the receipts entered on said execution, and allowing the judgment plaintiff to have execution on its judgment for said sum of $179.75, did not, and could not, place the appellants, or either of them, in any worse position than they occupied at and before the said sheriff's sale of said growing corn; nor does it appear that they, or either of them, were subjected to or suffered loss of any kind by reason of said sheriff's sale.

In *Chapman* v. *Harwood*, 8 Blackf. 82, it appeared that a sheriff had sold real estate under an execution, but the purchaser had failed to pay the purchase-money; and it was held that, "if the sheriff had even conveyed the land without receiving the purchase-money, the conveyance would have been void, because he had no authority to sell except for cash. He is a special agent, and can not exceed the powers which the law gives him." If we apply this doctrine to the sheriff's sale of the growing corn, in the case at bar, and we can conceive of no good reason why it should not be held applicable to sheriff's sales of personal property and chattels real, it will be readily seen that, under the allegations of the complaint, the sheriff's sale of the corn to

Owens was void, "because he had no authority to sell except for cash," and Owens never, at any time, paid the amount of his bid to the sheriff. It would seem, therefore, that the sheriff's receipt to Owens for the sum of $179.75, the amount of his bid, when in fact he had never paid said money, was absolutely void, because the sheriff was a special agent, and the execution of such receipt, without receiving the money, was in excess of his powers under the law.

Under the provisions of section 772 of the code, the attorneys of the judgment plaintiff had authority "to receive money" on the judgment, "and upon the payment thereof, and not otherwise, to  *  *  *  *  acknowledge satisfaction of the judgment." 2 R. S. 1876, pp. 305, 306. It is very clear, we think, that the attorneys of the judgment plaintiff had authority to receive money, and nothing else under the law, on their client's judgment, and upon the payment to them of money, and not otherwise, to receipt the judgment, or execution issued thereon, for the amount of such payment in money. It was alleged, however, in the complaint in this case, and the allegation is admitted by the appellants to be true, as the case is presented here, that the money receipted for by the attorneys of the judgment plaintiff was never, in fact, paid to said attorneys; and, therefore, it follows that, under the statute, they had no authority to execute said receipt, and it was not, and is not, binding on their client. In *Miller* v. *Edmonston*, 8 Blackf. 291, it was held by this court, DEWEY, J., delivering the opinion, that an attorney at law "can not bind his principal by any arrangement short of an actual collection of the money." To the same effect are the following cases: *Wakeman* v. *Jones*, 1 Ind. 517; *Kirk* v. *Hiatt*, 2 Ind. 322; *Jones* v. *Ransom*, 3 Ind. 327; *Russell* v. *Drummond*, 6 Ind. 216.

The appellees' complaint was sufficient, we think, to withstand the demurrer thereto for the want of sufficient facts,

and no other question is presented for the decision of this court, in the brief of the appellants' counsel.

The judgment is affirmed, at the appellants' costs.