## JOHN P. McCORMICK ET AL. V. THE WALTER A. WOOD·MOWING AND REAPING MACHINE COMPANY ET AL.

1. *Sheriff's Sale of Personal Property.*—A sheriff is but a special agent, and has no authority to sell for anything but money. And if he gives a receipt to the purchaser without the payment of the money, the judgment-creditor has the right to set aside the receipt, and proceed as if no sale had ever been made.

2. *Authority of Attorney.*—An attorney at law undertaking to collect a claim for money, cannot bind his client by any arrangement short of actually collecting the money.

Filed April 8, 1881.

Appeal from White Circuit Court.

Opinion of the court by Mr. Justice Howk.

In this action the appellees, The Walter A. Wood Mowing and Reaping Machine Company and Henry P. Owens, were the plaintiffs below, and the appellants, John P. McCormick and Spencer C. Hart, were the defendants. The appellants' demurrer to the complaint, for the alleged insufficiency of the facts therein to constitute a cause of action, was overruled by the court, and to this ruling they excepted; and refusing to answer further, the court rendered judgment against them, in favor of the appellees, for the relief

prayed for in their complaint, and from this judgment this appeal is now here prosecuted.

The appellants have assigned errors, in this court, which call in question the sufficiency of the facts stated in appellees' complaint to constitute a cause of action, and this is the only question, in this case, presented for our decision.

In their complaint the appellees allege in substance, that on the 27th day of October, 1873, the appellee, the said Machine Company, by the consideration of the court below, recovered a judgment against the appellant, McCormick, for the sum of $235.50, and the costs of suit; that afterwards, on the — day of ——, 187–, the appellant, Spencer C. Hart, acknowledged himself replevin bail for the stay of execution on said judgment; that afterwards, on August 3, 1877, an execution was issued on said judgment, and delivered to the sheriff of White county; that on October 3, 1877, the said sheriff levied said execution on eighty acres of corn, growing on the north half of the south-west quarter of section 1, township 25, north of range 5 west, in said county, as the property of said McCormick; that on October 19, 1877, after having advertised said corn for sale according to law, the said sheriff sold the same, at public auction, to the appellee, Owens, for the sum of $179.75, that being the highest and best bid made therefor; that the said sheriff receipted to said Owens, on said execution, for the amount of his bid, and Matlock and Owens, the attorneys for said Machine Company, receipted to the sheriff upon said writ for the amount of said bid; that the amount of said Owens' bid was not paid to the sheriff at the time he executed his receipt therefor, nor at any other time; that the sheriff did not pay said sum of money to said Matlock and Owens, at the time they executed their receipt therefor on said writ, nor at any other time.

The appellees further alleged in their complaint, at great length and with much particularity, that the said Owens never acquired any title to or possession of the growing corn, purchased by him at the sheriff's sale thereof, and the reasons therefor; and that the sheriff had not sold said corn for money and had not received any money on account of such sale, and that neither the machine company, nor its attorneys, had ever received any money on said judgment or execution from the sheriff's sale of said growing corn.

The appellees prayed judgment, that the execution upon which

the said sale was made might be corrected by erasing therefrom the receipts thereon, and that the said receipts might be expunged from the records of the court, and from the record of said execution on the execution docket of the court, and that the judgment might be revived as to said sum of $179.75, and for all proper relief.

We are of the opinion that the court committed no error in overruling the appellants' demurrer to the appellees' complaint. It will be observed that this is a suit by the judgment-plaintiff against the judgment-defendant and his replevin bail. It does not appear that either of the appellants was, in any manner, injured or damnified, or subjected to loss of any kind by the levy upon and sale by the sheriff of the growing corn, or by any act of the judgment-plaintiff, or of its attorneys. It is clear, we think, from the allegations of the complaint, taken as true, as they must be, as the case comes before us, that the judgment below, setting aside and holding for naught the receipts entered on said execution, and allowing the judgment-plaintiff to have execution on its judgment for said sum of $179.75, did not and could not place the appellants, or either of them, in any worse position than they occupied at and before the said sheriff's sale of said growing corn ; nor does it appear that they, or either of them, were subjected to or suffered loss of any kind by reason of said sheriff's sale.

In *Chapman* v. *Harwood*, 8 Blackf. 82, it appeared that a sheriff had sold real estate under an execution, but the purchaser had failed to pay the purchase-money; and it was held that "if the sheriff had even conveyed the land without receiving the purchase-money, the conveyance would have been void, because he had no authority to sell except for cash. He is a special agent, and cannot exceed the powers which the law gives him." If we apply this doctrine to the sheriff's sale of the growing corn, in the case at bar, and we can conceive of no good reason why it should not be held applicable to sheriff's sale of personal property and chattels real, it will be readily seen that, under the allegations of the complaint, the sheriff's sale of the corn to Owens was void, "because he had no authority to sell except for cash," and Owens never at any time paid the amount of his bid to the sheriff. It would seem, therefore, that the sheriff's receipt to Owens, for the sum of $179.75, the amount of his bid, when in fact he had never paid said money,

INDIANA LAW REPORTER.

was absolutely void, because the sheriff was a special agent, and the execution of such receipt, without receiving the money, was in excess of his powers under the law.

Under the provisions of sections 772 of the code, the attorneys of the judgment-plaintiff had authority "to receive money" on the judgment, "and upon the payment thereof, and not otherwise, * * * to acknowledge satisfaction of the judgment." 2 R. S. 1876, pp. 305, 306. It is very clear, we think, that the attorneys of the judgment-plaintiff had authority to receive money, and nothing else under the law, on their client's judgment, and upon the payment to them of money, and not otherwise, to receipt the judgment, or execution issued thereon, for the amount of such payment in money. It was alleged, however, in the complaint in this case, and the allegation is admitted by the appellants to be true as the case is presented here, that the money receipted for, by the attorneys of the judgment-plaintiff, was never, in fact, paid to said attorneys; and therefore it follows that, under the statute, they had no authority to execute said receipt, and it was not, and is not, binding on their client. In *Miller* v. *Edmonston*, 8 Blackf. 291, it was held by this court, Dewey, J., delivering the opinion, that an attorney at law "cannot bind his principal by any arrangement short of an actual collection of the money." To the same effect are the following cases: *Wakeman* v. *Jones*, 1 Ind. 517; *Kirk* v. *Hiatt*, 2 Ind. 322; *Jones* v. *Ransom*, 3 Ind. 327; *Russell* v. *Drummond*, 6 Ind. 216.

The appellees' complaint was sufficient, we think, to withstand the demurrer thereto for the want of sufficient facts, and no other question is presented for the decision of this court in the brief of the appellants' counsel.

The judgment is affirmed at the appellants' costs.

John H. Wallace and Turpie & Pierce, for appellant.