Holliday *et al. v.* Thomas *et al.*

No. 10,291.

HOLLIDAY ET AL. *v.* THOMAS ET AL.

PAYMENT.—*Judgment.*—*Complaint to Satisfy.*—An averment that plaintiff, on, etc., fully paid off said judgment and costs, and the defendant thereupon promised to satisfy the same, in a complaint to enter satisfaction of a judgment in favor of the defendant against the plaintiff, shows payment to the judgment plaintiff.

SAME.—*Attorney and Client.*—An attorney who takes a judgment can not, without special authority, bind his client by receiving as collateral security, and agreeing to collect, a claim against a third person; but if he does collect it and retains enough to satisfy the judgment, and promises. to do so, such retention is payment, and binds the judgment plaintiff.

HARMLESS ERROR.—*Evidence.*—The admission of improper evidence which only tends to prove a fact otherwise clearly shown by competent evidence, which is not controverted, is a harmless error.

ASSIGNMENT OF ERROR.—*Demurrer.*—Where separate demurrers are overruled to two paragraphs of complaint, an assignment of error that "the court erred in overruling the demurrer to the first and second paragraphs. of the complaint," is sufficient to present to the consideration of the Supreme Court the separate ruling upon each demurrer.

From the Hancock Circuit Court.

*S. A. Wray* and *J. H. Mellett,* for appellants.

*J. A. New* and *J. W. Jones,* for appellees.

MORRIS, C.—The appellees sued the appellants for the purpose of having a certain judgment declared satisfied. The complaint consists of two paragraphs.

The first states that William J. Holliday, John W. Murphy and John A. Furgason, on the 16th day of March, 1875, recovered a judgment in the Hancock Circuit Court against the appellees, William O. Thomas and Austin K. Spencer, for the sum of $198.44 and costs amounting to $9.95; that on or about the 13th day of March, 1876, the appellees fully paid off said judgment and costs, and that the appellants thereupon promised and agreed to satisfy and discharge of record the said judgment. It is also averred that said judgment constitutes a lien and cloud upon the title of certain lands owned at the time by the appellee Thomas, in said county;.

that the appellants have been often requested, but have refused, to satisfy said judgment, and now claim that the same is unpaid, and threaten to collect it. Prayer that the judgment be declared satisfied and for other proper relief.

The second paragraph states the recovery of a judgment as stated in the first paragraph, but alleges that one Henry A. Swope was the attorney of the appellants, who obtained and took for them said judgment, and that he was the only attorney of record for them in the cause in which said judgment was recovered; that afterwards the appellees placed in the hands of the said Swope, the attorney of the appellants as aforesaid, a promissory note, executed by one Pauley, and others, as collateral security for the payment of said judgment, which called for about $400, and which said Swope accepted as such security; that said note was collected by said Swope and the amount of the appellants' said judgment was deducted from the amount so collected by him on said note delivered to him as aforesaid by the appellees, said Swope still being and acting as the attorney of the appellants in the collection of said judgment recovered by them against the appellees, and that, as such, upon the receipt of said money, he promised to satisfy said judgment of record; that shortly after the receipt of said money the said Swope died, and that the appellees did not know that said judgment was not satisfied until they were so informed by their attorney. It is alleged that the appellee Thomas owns land in said county upon which said judgment constitutes an apparent lien, etc., and casts a cloud upon his title, etc. Prayer the same as in the first paragraph.

The appellants demurred separately to each paragraph of the complaint. The court overruled the demurrers.

The appellants then answered by a general denial.

The cause was submitted to the court for trial. The court found in favor of the appellees, as to the sum of $174.50; that that amount had been paid by them on said judgment. The court also found for the appellants as to the balance of

said judgment. The appellants moved for a new trial. The motion was overruled, and the court adjudged that said judgment of the appellants, as to the sum of $174.50, be satisfied as of April 12th, 1876.

The assignment of errors is as follows:

1. The court erred in overruling the demurrer to the first and second paragraphs of the complaint.

2. The court erred in overruling the appellants' motion for a new trial.

3. In overruling the motion of the appellants to change and modify the finding and judgment of the court.

The last error is not discussed by the appellants' counsel, and will be regarded as waived.

The appellees insist that the demurrer was filed to the original complaint in the cause, and not to that which appears in the record. In this the appellees are mistaken. The amended complaint, that which appears in the record, was filed on the 7th of June, 1881, and the demurrer was filed on the following day.

The appellees also contend that under the first error assigned it must appear that both paragraphs of the complaint are bad in order to reverse the judgment.

We do not think so. We think the proper construction of the language used in the assignment of the first error is, that the court erred in overruling the demurrer to the first paragraph of the complaint, and also in overruling the demurrer to the second.

The objection to the first paragraph of the complaint is that it does not state to whom the payment was made, whether to the appellants or any one authorized to receive payment. It does aver, that on or about the 13th day of April, 1876, the appellees fully paid off said judgment and costs, and that the appellants promised to satisfy the same of record. This was equivalent to an allegation of payment to the appellants, and entirely sufficient to withstand a demurrer. If there was any doubt as to whom the payment was alleged to have been

made, a motion to make the paragraph more certain in that respect would have removed it. The court did not err in over-ruling the demurrer to the first paragraph of the complaint..

It is objected to the second paragraph of the complaint, that Swope, the attorney who obtained the judgment for the appellants against the appellees, had no authority, as their attorney, to accept the $400 note as collateral security or other-wise, and that, in its collection and in the retention of the money collected upon it, he must be regarded, upon the facts stated, as the attorney of the appellees, and not as the attorney of the appellants.. It is not alleged that Swope had any special authority to accept from the appellees said $400 note as col-lateral security for the payment of the appellants' judgment. He could not do so by virtue of his general employment to collect the debt for which he obtained said judgment. By his general employment, he was authorized to collect the judgment by the usual means in money. He could not make any com-promise in relation to it or discharge it otherwise than by the receipt of money. In collecting the $400 note he must be re-garded as the attorney of the appellees, and not as the attorney of the appellants.    *Miller* v. *Edmonston*, 8 Blackf. 291 ; *Jones* v. *Ransom*, 3 Ind. 327 ; *Corning* v. *Strong*, 1 Ind. 329 ; *Russell* v. *Drummond*, 6 Ind. 216 ; *O'Conner* v. *Arnold*, 53 Ind. 203.

But it is averred in the second paragraph, that Swope did collect the money on the $400 note; that after he had col-lected it, and when he had it in his hands, and while he was still acting as the attorney of the appellants in collecting said judgment for them, he deducted the amount of the appellants' judgment from the money collected on the $400 note, and that, upon the receipt or retention of it, he agreed to satisfy said judgment of record. This averment is equivalent to a direct allegation that in retaining the amount of the appellants' judg-ment out of the money which he had collected for the appel-lees, he was acting as the attorney of the appellants, and not as the attorney of the appellees. In thus retaining the money

of the appellees for the payment of the appellants' judgment, Swope was accomplishing the very thing for which the appellants had employed him, and acting within the scope of his authority as their attorney. The retention of the money and his promise to satisfy the judgment showed that he was acting for the appellants, not for the appellees. As the attorney of the appellants he had, upon getting the money, authority to do that which he agreed to do; as the attorney of the appellees, he had no such power. We think the court did not err in overruling the demurrer to the second paragraph of the complaint.

The appellants also contend that the finding of the court is not sustained by sufficient evidence. The evidence is conflicting. The testimony of the appellees, aside from that produced by the appellants, abundantly justified the finding of the court. The testimony produced by the appellants, if believed, would have entitled them to a finding in their favor. It was for the court below to weigh the evidence. This court can not do this. *Fort Wayne, etc., R. R. Co.* v. *Husselman*, 65 Ind. 73.

Upon the trial the appellees were permitted to prove, over the objection of the appellants, certain statements made by Swope in relation to the collection of the note placed in his hands by the appellees. The appellants insist that in the admission of this testimony the court below erred. Grant this, though we do not decide it, the error can not avail the appellants. It was proved by other uncontradicted witnesses that Swope had collected and received the money on the note given him by the appellees. Thomas, one of the appellees, swears to it, and so does one of the makers of the note, and, as to this, they are not contradicted by any witness. If, therefore, the court erred in admitting proof of what Swope had said about it, the error must be deemed to be harmless.

We think there is no available error in the record.

PER CURIAM.—It is ordered, upon the foregoing opinion, that the judgment below be affirmed, at the costs of the appellants.