Nov. Term,
1858.

BLACKWELL
v.
THE STATE.

- - -

## BLACKWELL *v.* THE STATE.

Where a child under ten years of age, was examined by the Court touching her capacity to testify in a cause, and her answers disclosed that, though she was ignorant of the nature of the punishment for false swearing, yet that she comprehended the obligations of an oath, and believed that any deviation from the truth, while under oath, would be followed by appropriate punishment,—*held,* that she was a competent witness.

*Friday,*
*December 3.*

APPEAL from the *Decatur* Circuit Court.

DAVISON, J.—*Blackwell* was indicted in the Circuit Court for an assault and battery, with intent to commit a rape. Verdict for the state; new trial refused; and judgment.

During the trial, the state proposed to introduce *Sarah Abigail Miller,* upon whom the crime is alleged to have been committed, and who was under the age of ten years, as a witness in the cause. And thereupon the Court—the defendant having suggested that she was incompetent, on the ground of incapacity—proceeded to examine the pro-

posed witness touching her capacity to testify, and upon such examination she stated as follows:

"My name is *Sarah Abigail Miller*. Do not know how far I live from town. Mother is living; have no father living; don't know how long father has been dead; mother's name is *Eliza Ann Miller;* mother has been married to *John Blackwell,* since father died. I was a witness before esquire *Bryan,* in this case. I held up my hand, and the esquire talked to me. It is not right to tell a lie, on any occasion. It would not be right to swear to a lie. I am going on ten years old, and don't know when I will be ten; my mother told me I was nine years old. If I swore a lie, I would be punished, but do not know how. It would be right to tell and swear to the truth on all occasions. I would swear to the truth if sworn in this case—the truth and the whole truth. I would tell nothing but the truth, if mother wanted me to; mother told me to tell the truth in this case. I do not know whether the punishment for swearing to a lie would be in this world, or a future one; my mother never instructed me about it."

This was all the showing relative to the proposed witness. The Court, over the defendant's objection, adjudged her competent, and she was accordingly sworn, and examined on the trial.

We have a statute which says, "Children under ten years of age are presumed to be incompetent as witnesses. When over the age of ten years, they are presumed to be competent. * * * But the Court may examine children of tender age, * * * as to their capacity, and decide upon their competency." 2 R. S. p. 81, § 239.

Between this and the rule as it exists at common law, the point of difference is as to the age at which a proposed witness is presumed competent. By the common-law rule, every person over the age of fourteen is presumed to have common discretion and understanding, until the contrary appears; but under that age it is not so presumed; and, therefore, inquiry is made as to the degree of understanding which the child offered as a witness may possess. If he appears to have sufficient natural intelligence to distinguish

Nov. Term,
1858.

between good and evil, and to comprehend the nature and effect of an oath, he may be examined on oath. 1 Greenl. Ev. § 367.—*Rex* v. *Brazier*, 1 East. P. C. 443.—*The State* v. *Whittier*, 21 Maine R. 341. Here, the examination of the proposed witness, as it appears in the record, indicates the requisite capacity. True, she is ignorant as to the mode in which false swearing is punished; yet it may be fairly inferred from her statement, that she comprehends the obligations of an oath, and is satisfied that any deviation from the truth, while under oath, will be certainly followed by an appropriate punishment. But we must, in this case, presume in favor of the action of the Circuit Court, for the reason that that Court had the proposed witness in its presence, and was, therefore, enabled to estimate, to some extent, her capacity, from her appearance, and the manner of her replies in the examination. The record, in our opinion, sufficiently sustains the ruling of the Court.

*Per Curiam.*— The judgment is affirmed with costs.

*J. S. Scobey* and *W. Cumback*, for the appellant.