# Richmond.

## SMITH v. COMMONWEALTH.

### March 21st, 1889.

1. CRIMINAL PROCEEDINGS—*Indictment.*—An indictment for rape in the words of § 3680, Code 1887, defining the offense, is good.
2. IDEM—*Plea—Replication.*—Prisoner plead that he had been held for trial more than four terms after indictment. Replication that during that period prisoner had been convicted and the conviction reversed, and that he had been held till reversal for punishment, not for trial, *held* sufficient.
3. IDEM—*Same defense.*—It is proper to reject plea presenting in different language same defense already presented in another plea.
4. IDEM—*Motion for new trial.*—Where prosecutrix, twelve years old, has been critically examined as to her understanding the motive of an oath by the trial court to its satisfaction, and the jury instructed that they were the judges of her credibility, motion to set aside verdict of guilty, on the ground that she could not understand the same, will not be sustained.
5. IDEM—*Case at bar.*—The evidence certified in this case *held* conclusive of the prisoner's guilt.

Error to judgment of circuit court of Henry county, rendered at its October term, 1888, on an indictment for rape against William Smith, the plaintiff in error, who was found guilty by the jury and sentenced by the trial court to confinement for a term of ten years in the penitentiary. Opinion states the case.

*Hardaway & Hairston,* for plaintiff in error.

*Attorney-General R. A. Ayers,* for the Commonwealth.

FAUNTLEROY, J., delivered the opinion of the court.

The first error assigned is to the action of the court in over-ruling the prisoner's demurrer to the indictment. This assignment of error is not well taken. The indictment is in the words of the statute (section 3680, Code of 1887), and is in exact accordance with the law.

The second assignment of error is to the action of the court in sustaining the replication of the Commonwealth to the prisoner's plea, averring that he had been held for trial more than four terms after the indictment had been found against him in the county court.

The record, which the prisoner avouched, shows that the fact averred in this plea does not obtain in fact; it shows that the prisoner was indicted at the March term, 1886, of the county court of Henry county; that he was tried and convicted at the May term, 1886, and that upon the prisoner's own motion the judgment was suspended for sixty days to enable him to apply for a writ of error, which he obtained from the circuit court of Henry county; that on the 23d of October, 1886, the judgment of the county court was reversed and annulled, and a new trial awarded to the prisoner by the circuit court of Henry county, to be had in the said county court.

The prisoner, after his conviction in the county court, at its May term, 1886, was not *held for trial,* but was *held for punishment,* until the judgment of the county court was reversed and annulled by the circuit court, whose order, made October 23d, 1886, remanded the prisoner to the county court for a new trial, where he was held for trial during the months of November and December, 1886, and January, 1887; at the February term, 1887, the prisoner was granted a continuance, *upon his own motion,* until the March term, 1887, when he was tried and convicted and sentenced to the penitentiary for fifteen years. From this judgment the prisoner obtained a writ of error and *supersedeas* from the circuit court of Henry county, and upon the

16th day of April, 1887, the said judgment of the county court was reversed and annulled, and a new trial was awarded to the prisoner by the said circuit court. At the August term, 1887, of the county court of Henry county, the prisoner was again tried and again convicted, and sentenced to the penitentiary for the term of ten years. Upon the application of the prisoner, the said judgment was suspended; and, upon a writ of error and *supersedeas*, the said judgment was reversed and annulled, and a new trial was awarded to the prisoner by the said circuit court of Henry county the 3d day of November, 1887, upon the ground of informality in the manner of summoning the grand jury who had found the indictment. But the prisoner was immediately re arrested by a bench-warrant issued by the judge of the circuit court, and at the November term, 1887, of the county court of Henry county the prisoner was indicted anew for the same offence, and he elected to be tried in the circuit court. At the May term, 1888, of the said circuit court, the indictment was quashed for informality in the *venire facias* summoning the grand jury which found the indictment under which the prisoner was held, and it was ordered by the court that the said indictment be quashed and the prisoner be discharged from further prosecution upon said indictment, and the prisoner was held in custody by order of the court until a warrant was prepared and issued for his arrest. At the June term, 1888, of the county court of Henry a new indictment was found, and the prisoner elected to be tried in the circuit court. At the October term, 1888, of the circuit court the prisoner was tried and convicted, and sentenced to a term of ten years in the penitentiary.

The third assignment of error is the rejection by the court of the prisoner's plea No. 2; which was properly rejected by the court because it set up no defense, and presented only the same issue presented in his plea No. 1, in different words.

The fourth error assigned is the ruling of the court permitting the prosecutrix, Josephine Hairston, to testify, against the

objection of the prisoner that she was too young to understand the nature of an oath.

At the trial and conviction of the prisoner, October, 1888, the witness was in her twelfth year; she was closely and critically examined by the court to determine her capacity and competency as a witness for the prosecution; the trial judge was satisfied, and admitted her to testify; but, out of abundant precaution, specially instructed the jury that they were the judges of her *credibility*. The jury was satisfied, and found the prisoner guilty; as he had been *three times* theretofore found to be by juries of the vicinage. This court will not interfere upon this ground. 1 Greenleaf's Evidence, sec. 367, *et seq*.

The fifth error assigned is to the overruling by the court of the prisoner's motion to set aside the verdict because it was contrary to the law and the evidence.

Without going into a recital and analysis of the painful and shocking details of the evidence in this record, upon which forty-eight sworn jurors have found the prisoner guilty, and upon which the judge of the circuit court, who saw and heard and tested the witnesses and weighed the evidence, has based his judgment, it is enough for this court to say, that the evidence certified in this record is conclusive of the prisoner's guilt. He was not only clearly and fully identified by the *child-victim* as the perpetrator of the brutal outrage which was inflicted upon her; but he was proved to have been polluted with the foul disease which was imparted to the child by her ravisher; and he was proved by sundry witnesses to have been at the place and time, where and when the atrocious deed was done.

There is no error in the judgment of the circuit court of Henry county complained of, and it is affirmed.

JUDGMENT AFFIRMED.