No. 953.

## Taylor, By Next Friend, *v.* McGrath.

Witness.—*Competency.—Child Under Ten Years of Age.—Discretion.*—Whether a child under ten years of age is a competent witness, is a matter for the determination of the court, and the decision of the court on such question will not be disturbed on appeal unless an abuse of discretion is shown.

Evidence.—*Exclusion of, How Made Available on Appeal.—Practice.*—To make the exclusion of testimony available on appeal, a pertinent question must have been asked of the witness on the stand, and if objection is made, a statement must be made to the court of what the witness will testify to in answer to the question, and if the court sustain the objection, an exception must be reserved.

Same.—*Exhibiting Article to Jury.—Damages.*—In an action to recover damages received by a bicycle, a witness having testified that all bicycles are made on practically the same principle, it was not error to allow such witness to exhibit his bicycle to the jury in connection with his testimony.

Same.—*Rebuttal Testimony.—What May be Proven.*—In such case, the plaintiff having introduced evidence, in making out his case, as to the manner in which the accident occurred, it was within the discretion of the court whether he should be allowed, in rebuttal, to

prove more specifically the condition of the bicycle after the collision.

SAME.—*Motion to Strike Out.*—Where no objection has been made to a question or answer, a motion to strike out ordinarily comes too late.

SAME.—*Motion to Strike Out.*—Where part of the testimony included in a motion to strike out is admissible, the motion should be overruled.

From the Benton Circuit Court.

*J. D. Brown,* for appellant.

*M. H. Walker* and *G. H. Gray,* for appellee.

DAVIS, C. J.—This was an action by appellant, by his next friend, against appellee, to recover damages to appellant's bicycle, received in a collision with appellee's wagon, on a public highway, as the result of alleged negligence on the part of appellee.

Judgment was rendered in the court below in favor of appellee. The only error assigned is that the court erred in overruling the motion for a new trial. '

The first question discussed brings in review the action of the trial court in relation to the examination of the witness Burla J. Durbin, as to his competency and the exclusion of his evidence. The witness was first examined by counsel for appellant, and testified that he was nine years old, and also answered some other preliminary questions, when counsel for appellee objected to him testifying on the ground that he was incompetent.

The court then propounded several questions to the witness, in answer to which he said he did not know what a falsehood was, and that when he held up his hand and was sworn to tell the truth, he did not know what it meant. It is proper to say that some of his answers were contradictory, but so far as the question under consideration is concerned, we do not deem it necessary to refer more in detail to his examination. The court there-

upon announced that the witness did not understand the nature of an oath, and that he was not competent, and counsel for appellant then moved the court for permission to further interrogate the said Durbin, as to his competency as a witness, and, without asking him any question, offered to prove by said Durbin that as a matter of fact he was more than ten years of age and that he fully understood that he had been sworn, according to law, and that it was incumbent on him to tell the truth, which motion the court overruled.

The statute provides that children under ten years of age shall not be competent witnesses unless it appears that they understand the nature and obligation of an oath. Section 497, R. S. 1881.

The construction which should be placed on this statute evidently is that before a child under ten years of age can be declared a competent witness, it must be made to appear to the trial judge that the child understands the nature and obligation of an oath. This question is to be determined upon the answers of the child to such interrogatories as may be put to it by the court and from his or her appearance and manner. It would require a case of manifest abuse of the discretion of the trial court to authorize this court to interfere. *Batterson* v. *State,* 63 Ind. 531; *Blackwell* v. *State,* 11 Ind. 196; *Carter* v. *State,* 63 Ala. 52, 35 Am. Rep. 4; *Carpenter* v. *Dame,* 10 Ind. 125.

It is insisted that if the court had asked, or permitted appellant to ask, the question: "In what year, month, and day thereof, were you born?" The child, if allowed to answer, would have said, in substance, on the "tenth day of October, 1882."

As to this proposition, it will suffice to say that the witness, in answer to a question by counsel for appellant, stated that he was nine years of age, and also made

the same answer in response to a question asked by the court.

Moreover, "It has long been the settled rule in this State that the exclusion of testimony can only be made available by asking a pertinent question of a witness on the stand, and, if objection is made, stating to the court what the witness will testify to in answer to said question, and if the court sustains the objection, reserving an exception." *Toledo, etc., R. R. Co.* v. *Jackson,* 5 Ind. App. 547.

On the theory that the child was under ten years of age, a manifest abuse of the discretion of the trial court in declaring the witness incompetent has not been shown, and on the theory that he was a competent witness no offer was made to prove any fact by him in response to a proper question.

On the trial, a witness in behalf of appellee, who testified that all bicycles are made on practically the same principle, was allowed to bring his bicycle into court to exhibit before the jury, in connection with his testimony, over the objection of appellant.

The only specific objection stated in the trial court was "for the reason his bicycle is not the bicycle in controversy," and the only exception reserved was to having the bicycle "exhibited before the jury." There was no prejudicial error in the action of the trial court, in this regard, so far as the same has been brought in review by the objection made and the exception reserved.

This witness was asked the following question: "What would be the space seeing the one before the jury now and the one in controversy, you say you are acquainted with?" This, as shown by the preceding questions and answers, had reference to the space required in which to run the bicycle. The witness was testifying as an expert

in the use and riding of bicycles. There was no objection to the question, and the answer was pertinent and responsive to the question.

A motion was made to strike out the answer. No objection having been made to either the question or answer, the objection by motion to strike out ordinarily comes too late. *Brown* v. *Owen*, 94 Ind. 31; *Falvey* v. *Jackson*, 132 Ind. 176.

The witness also testified, without objection, as to the distance in which a bicycle could be stopped by the rider thereof, and subsequently a general motion was made to strike out the testimony of the witness on that subject. So far as we have been able to see, a part, at least, of the testimony was competent. There was no error in overruling this motion. *McGuffey* v. *McClain*, 130 Ind. 327.

The only part of the testimony of this witness to which objection is urged was in relation to the space required in which to run a bicycle and the distance required in which to stop it. There is no claim that the witness was not competent to give an opinion as to those matters, and whether or not the examination of this witness tended to elicit any facts which were calculated to throw light on the questions arising under the issues, we are not able to see in what respect appellant was injured by that part of his testimony concerning which complaint is made.

In rebuttal appellant offered to prove the condition of the bicycle after the collision, but the court refused to permit him to do so. In the introduction of his evidence in chief, appellant testified as to the manner in which the accident occurred, and that the wagon wheel ran over his bicycle and broke out some of the spokes.

Having entered into this subject, then, in making out his original case, it was within the discretion of the trial court as to whether he should be allowed in rebuttal to

prove more specifically the condition of the bicycle after the collision. No abuse of discretion is shown, and, therefore, we can not reverse the judgment of the court below for this reason.

We have considered all the questions discussed by counsel, and find no error in the record.

Judgment affirmed.

Filed Jan. 11, 1894.