Robbins *v.* Masteller *et al.*

---

### ROBBINS *v.* MASTELLER ET AL.

[No. 18,053.   Filed February 25, 1897.]

APPEAL AND ERROR.—*Assignment of Errors.*—An assignment of error as to the ruling of the court on demurrer to a pleading which does not apprise the court of the particular pleading intended, presents no question for review on appeal. *p. 124.*

VENDOR'S LIEN.—*Acceptance of Security as to Portion of Unpaid Purchase-money.*—*Waiver of Lien.*—The acceptance by the vendor of a mortgage as security for a portion of the unpaid purchase-money of land sold, constitutes a waiver of the vendor's lien for the remainder, in the absence of an express agreement that the lien shall be retained. *pp. 124, 125.*

APPEAL AND ERROR.—*Harmless Error.*—The admission of incompetent evidence is harmless, where the finding on such issue was in favor of the party objecting. *p. 125.*

From the Fulton Circuit Court. *Affirmed.*

*Conner & Rowley,* for appellant.

*G. W. Holman, R. C. Stephenson* and *P. M. Buchanan,* for appellees.

JORDAN, C. J.—This action was originally commenced by appellant to recover upon a certain promissory note, executed by Clarence B. Masteller to Herbert D. Masteller, for the sum of $300.00, and by the said payee indorsed to appellant. Issues were joined upon the original complaint, but, subsequently, during the trial of the cause, the submission thereof was set aside, and the court permitted appellant to file an amended complaint, making appellee, Ruhama Masteller, a party defendant. By this amended complaint he sought to recover upon the note in question, and to enforce a vendor's lien upon the real estate described in the amended complaint.

Appellee, Clarence B. Masteller, filed an answer to the amended complaint, in two paragraphs. This, appellee and his co-appellee, Ruhama Masteller also answered jointly in three paragraphs, and Ruhama also filed a separate answer in one paragraph. Under the issues joined upon the amended complaint, appellant recovered upon his note only, his right to a vendor's lien being denied by the court, and judgment was also rendered in favor of Ruhama Masteller against appellant for cost.

Appellant, by his assignment of errors seeks to call in question the overruling of his demurrer to the answers of appellees, and the action of the court in denying his motion for a new trial. The assignment of errors on the court's ruling upon the demurrer to the answer is as follows:

3. "The court erred in overruling appellant's several demurrers to the second and third paragraphs of answer of appellees."

5. "The court erred in overruling appellant's demurrers to second, third, and fourth paragraphs of appellees' answer."

These assignments, apparently, are intended to apply to the court's ruling upon the demurrer to appellee's joint answer. The record, however, does not disclose that any joint answer was filed by appellees containing paragraphs two, three, and four, hence, in view of the fact that no such answer appears in the record, there seems to be no foundation upon which the assignment can rest. Again, demurrers were overruled to an answer filed by the appellees to the original complaint, which answer was subsequently superseded by those filed to the amended complaint, therefore, the assignment is too indefinite, as it fails to apprise us of the particular answer intended, and we are left to conjecture to which one it refers. The assignments are therefore insufficient, and present no question for review. *Bolin* v. *Simmons*, 81 Ind. 92; Elliott's App. Proced., sections 299 and 316; *Davenport Mills Co.* v. *Chambers*, 146 Ind. 156.

It is next urged that, under the evidence, the judgment denying appellant a vendor's lien upon the note in suit is wrong. We are of the opinion that the evidence is sufficient to sustain the judgment in this respect. The note in controversy is one of five, executed for the purchase money of certain real estate, by the appellee, Clarence D. Masteller, to Herbert D. Masteller, and by the latter assigned to the appellant before the commencement of this action. There is sufficient legal evidence to show that before the appellant became the holder of the note in question, the vendor's lien claimed to have existed had been waived and abandoned by the assignor, Herbert D. Masteller, in his accepting mortgage security for a part of the unpaid purchase money of the land in controversy. The

rule that the acceptance of a mortgage as security for a portion of the unpaid purchase money of the land sold, is a waiver of the vendor's lien for the remainder, in the absence of an express agreement that it shall be retained, seems to be well supported by authorities. *Anderson* v. *Donnell*, 66 Ind. 150, and authorities there cited; Jones on Liens, section 1087; *Orrick* v. *Durham*. 79 Mo. 174; *Avery* v. *Clark*, 87 Cal. 619, 25 Pac. 919; *Fish* v. *Howland*, 1 Paige (N. Y.) 20.

The mortgage executed by Herbert D. Masteller, securing a part of the purchase money under the issues, was competent, and the court did not err in admitting it in evidence, for the purpose of showing that it secured a portion of the purchase money. The evidence of appellee, Clarence B. Masteller, as to what took place between him and Herbert D. Masteller at the time the former executed the note in suit to the latter was competent. It at least tended to support the issue of set-off tendered by this appellee. If the admission of this evidence could be held incompetent, it resulted in no harm to appellant, as there was a finding in his favor upon this issue.

No available error appearing, the judgment is affirmed.