## HART *v.* THE STATE.

[No. 18,438.   Filed February 24, 1898.]

CRIMINAL LAW.—*When Erroneous Instruction is Harmless.*—Where a defendant was indicted both for larceny and burglary in separate counts of the same indictment, an erroneous instruction to the jury as to the charge of larceny is not available for the reversal of a judgment finding the defendant guilty of burglary only.

From the Noble Circuit Court.   *Affirmed.*

*H. C. Peterson* and *E. G. Cook,* for appellant.

*W. A. Ketcham,* Attorney-General, *Merrill Moores, A. E. Dickey,* and *W. M. Aydelotte,* for State.

McCABE, J.—The appellant and two others were indicted in the court below in seven counts, six of them charging the defendants with burglary, and the

other charging them with larceny. On a trial by a jury, they were found guilty of burglary, and judgment was rendered accordingly, over appellant's motion for a new trial. The appellant only appeals.

Overruling appellant's motion for a new trial is assigned as the only error complained of; and the only error alleged in the motion for a new trial that is urged for a reversal is the following instruction, given by the court to the jury: "If you find from the evidence beyond a reasonable doubt that the goods described in the indictment, or a portion of them, were stolen, and that such stolen property was found in the exclusive possession of the defendants, within a short time after the larceny was perpetrated, such possession imposes on the defendants the duty and burden of explaining their possession of said goods; and if they have failed to satisfactorily account as to how they came by the stolen property, or have given a false account of how they came into possession of such stolen property, the law presumes that the defendants stole such property, and this presumption is strong enough to justify you in finding them guilty."

The objection to this instruction is that the jury are told by it that the presumption arising from the facts enumerated therein is a presumption of law, whereas the appellant contends that it is a presumption of fact simply; and the learned counsel for the appellant goes into a lengthy and interesting argument in support of that contention. The Attorney-General, on behalf of the State, goes into an equally interesting argument that the instruction is a correct enunciation of the law. But we are of the opinion that the question is not before us, and hence we ought not, and do not, decide it.

The instruction had reference to appellant's guilt of larceny alone, and had no reference to his guilt of

burglary. Because it says, if the facts enumerated be found to be true beyond a reasonable doubt, "the law presumes that the defendants stole such property, and this presumption is strong enough to justify you in finding them guilty." But they were not found guilty of larceny, and hence the instruction, no matter how erroneous it was, did not harm the appellant. Larceny and stealing goods were no part of the crime of burglary of which appellant was found guilty. Section 2002, Burns' R. S. 1894 (1929, R. S. 1881). The jury were fully and correctly instructed as to what it takes to constitute burglary as well as larceny.

The giving of an erroneous instruction even is not available for the reversal of the judgment in a criminal case, where it appears that the substantial rights of the defendant were not prejudiced thereby. *Stewart* v. *State*, 111 Ind. 554. The substantial rights of appellant were not prejudiced by the instruction as to larceny even if erroneous, because he was acquitted as to the charge of larceny, and found guilty of burglary.

The judgment is affirmed.