Rains v. State.

## Rains v. The State.

[No. 18,510. Filed January 3, 1899.]

CRIMINAL LAW.—*Assault and Battery with Intent.*—*Instructions.*—*Harmless Error.*—Erroneous instructions as to malice and other elements which enter into the crime of murder in the first and second degrees will be considered harmless, where appellant was convicted only of assault with intent to commit manslaughter. *pp. 69, 70.*

SAME.—*Instruction.*—*Revenge.*—On the trial of one charged with assault with intent to commit murder an instruction which deals with the question of self-defense is not vitiated by the addition of the words, "the law does not permit a person to revenge himself in any case." *p. 71.*

SAME.—*Instruction.*—*Reasonable Doubt.*—An instruction that the jury is not required to be satisfied beyond a reasonable doubt of "each link in the chain of evidence relied upon to establish the guilt of the defendant," when standing alone is inaccurate and objectionable, but such instruction does not constitute reversible error when given with full, complete, and correct instructions on the subject of reasonable doubt. *pp. 71, 72.*

SAME.—*Instruction.*—*Good Character of Defendant.*—An instruction that, if the jury believed that the defendant was guilty as charged in the indictment, beyond a reasonable doubt, it would be their duty to convict him, though he had previously been of good repu-

| 152 | 69 |
|-----|-----|
| 152 | 85 |
| 152 | 309 |
| 152 | 69 |
| 153 | 694 |
| 152 | 69 |
| 154 | 580 |
| 152 | 69 |
| 157 | 215 |
| 157 | 444 |
| 152 | 69 |
| 169 | 502 |
| 152 | 69 |
| 171 | 715 |

tation for peace and quietude, was not prejudicial to the defendant when given in connection with other instructions properly charging the jury upon the question of defendant's good character. *p. 73.*

CRIMINAL LAW.— *Assault and Battery with Intent.— Evidence.— Opinion of Witness.*—The opinion of a witness that a revolver used in committing an alleged assault and battery with intent to commit murder would not probably kill at a given distance is inadmissible in evidence. *p. 74.*

From the Tipton Circuit Court. *Affirmed.*

*Oglebay & Oglebay,* for appellant.

*W. A. Ketcham,* Attorney-General, *Merrill Moores* and *T. M. Butler,* for State.

JORDAN, J.—Appellant was charged by indictment with an assault on one George Goar with intent to commit murder in the first degree. A trial by jury resulted in his being convicted of an assault with the intent to commit the felonious crime of manslaughter, and over his motion for a new trial, he was sentenced by the court to be imprisoned in the State prison, north, for a period of not less than two and not more than fourteen years.

The only errors discussed by counsel for appellant are based on the action of the trial court in denying the motion for a new trial. This motion enumerated some thirty-five reasons, which in the main relate to alleged errors of the court in giving and in refusing to give certain instructions to the jury, and also in modifying some of the instructions tendered by the appellant and in giving them to the jury in a modified form. Several of the charges of which appellant complains pertain to the elements which enter into the crime of murder in the first and second degrees, and to matters relating to these two degrees of homicide; therefore, if it were conceded that all of these are erroneous, they would be considered harmless, and appellant would not be in an attitude to assail them for the reason that he stands convicted only of perpetrating an assault with the intent to commit the crime of manslaughter, the lowest degree of homicide, and as the

element of malice, with or without premeditation, does not enter into this latter degree, it is not apparent how the instructions criticised by counsel for appellant which relate to the question of malice, and other questions pertaining wholly to the higher degrees of homicide, could have exerted any unfavorable influence over the jury in arriving at the verdict which they returned. *Jarrell* v. *State*, 58 Ind. 293; *Long* v. *State*, 95 Ind. 481.

There is no merit in the contention of appellant that instruction fourteen, given by the court in the series of those requested by the State, is prejudicial to his rights. This latter charge deals with the question of self-defense interposed in the case, and the only objection urged is that it is but a repetition of what the court had previously advised the jury upon the same question, with the addition that "the law does not permit a person to revenge himself in any case." The court, in its instructions upon the subject of reasonable doubt, seems to have advised the jury very fully in reference to the law applicable to that subject. Some of the court's charges upon this feature of the law are condemned by counsel for appellant; especially do they criticise number eighteen given at the request of the State. By this instruction the court substantially told the jurors that the rule, which required them to be satisfied of the guilt of the defendant beyond a reasonable doubt, did not require that they should be satisfied beyond such doubt of *"each link in the chain of evidence relied upon to establish his guilt."* (Our italics.) The court, continuing in the charge, closed it with the following statement: "It is sufficient if, taking the evidence all together, the jury are satisfied beyond a reasonable doubt that the defendant is guilty." The part of this charge italicised, which informed the jurors that each link in the chain of evidence relied upon to establish the defendant's guilt was not required to be proved beyond a reasonable doubt, standing alone, may be said to be inaccurate and therefore objectionable. The court had previously advised the jury, by an in-

struction tendered by appellant, that the rule of reasonable doubt extended to every material allegation of the indictment, and had also said in another instruction that such a doubt might arise either from the evidence or lack of evidence in the case. The latter part of the instruction in question, in effect, it may be said, advised the jury that if all of the evidence taken together satisfied them beyond a reasonable doubt of the defendant's guilt, which was the ultimate question to be determined in the case, that it was sufficient.

The rule, as settled by the decisions of this court is, that instructions upon a subject must be considered and construed together and are not to be considered in detached parts, and when so considered, if they, as a whole, correctly declare the law, they will not be overthrown although some fragmentary or isolated parts thereof are not accurate or clear. Tested by this rule, it may be said that when the entire series of instructions, which the court gave on the question of reasonable doubt, is considered and construed together, the jury were properly advised on that subject, and therefore appellant's attack on that part of the instruction in controversy cannot be available in securing a reversal. *Koerner* v. *State*, 98 Ind. 7; *Rhodes* v. *State*, 128 Ind. 189; *Newport* v. *State*, 140 Ind. 299; *Hauk* v. *State*, 148 Ind. 238; *McIntosh* v. *State*, 151 Ind. 251.

It is true that the doctrine of reasonable doubt is applicable only to the constituent elements of the crime of which an accused party is charged, and to facts, or groups of facts, which constitute the entire proof of the material or elementary facts, and the rule does not apply or extend to each item of mere matters of subsidiary evidence. *Wade* v. *State*, 71 Ind. 535; *Davidson* v. *State*, 135 Ind. 254; *Hauk* v. *State*, *supra*. The proposition, which the court no doubt intended to announce by the figurative expression "each link in the chain of evidence," was that the State was not required to prove beyond a reasonable doubt every subsidiary or minor fact or circumstance in evidence which tended to establish

Rains v. State.

the material or essential facts upon which the ultimate question of the defendant's guilt depended.  This proposition is a correct one and is supported by the cases last cited and other authorities.  The metaphor used by the court might be liable to misconstruction, and is therefore open to criticism, but, to repeat what we have heretofore said, when the court's charge upon the subject of reasonable doubt is considered as an entirety, this inaccurate expression is no ground, under the circumstances, for a reversal.  It is claimed by the state's attorney that the instruction in question was borrowed from the decisions of a sister state.  It may be said that the doctrine of reasonable doubt has been so fully expounded by the decisions of this court, that it would seem to be a rare occasion which would require a trial court to go into other states in search of the law upon the subject.

The court, in one of its series of instructions, told the jury, in effect, that, if they believed the defendant to be guilty, as charged in the indictment, beyond a reasonable doubt, it would be their duty to convict him, although they might be satisfied that, prior to the alleged shooting in question, the defendant sustained a good reputation for peace and quietude. The court had previously properly instructed the jury upon the question of the defendant's good character, which had been given in evidence, and as to the manner in which they were to weigh and consider this feature of the case along with all the other evidence, and had informed them relative to the effect and bearing which such character had upon the question of his guilt.  Certainly all that can be inferred from the instruction of which appellant complains, when it is considered along with the other charge upon the subject of good character, is that if the jury upon the consideration of all the evidence found the defendant guilty beyond a reasonable doubt, then, under the circumstances, the mere fact that they were satisfied that his reputation for peace and quietude was good, could not avail him as a defense, and this is the only

reasonable inference that the jury could have drawn from the charge in controversy.

We have carefully examined all the instructions given, refused or modified, to which the argument or objections of appellant's counsel can be said to extend, and are fully satisfied that when the entire charge of the court to the jury is considered, it, as a whole, is as favorable to the defendant as he could legally demand, and we feel satisfied that none of his substantial rights in the premises can be said to have been prejudiced by the action of the trial court in either giving or refusing to give the instructions, and therefore his attack upon the rulings of the court in this respect must fail.

It is next urged that the court erred in not permitting the witnesses, Mrs. Boomershine, Mrs. Goar, and Mary Rains, to testify relative to certain matters. The record does not, however, disclose that appellant reserved the necessary exceptions to such rulings of the court; hence no question thereon is presented for our consideration. Appellant introduced a Mr. Recobs as a witness and inquired of him if a person, at a distance of 114 to 160 or 170 feet, would be in any danger of a shot fired from a pistol which was exhibited to the witness, it being the weapon used by the appellant at the time of the alleged assault. The witness replied that he could not tell whether it would shoot with sufficient force to kill a man at that distance. Counsel for appellant seemingly were not content with this answer, and again propounded substantially the same question to the witness and, upon an objection being interposed by the State and sustained by the court, then said: "We offer to prove by this witness that there would be no probability of inflicting any injury upon a person from 114 to 170 feet away with this revolver, except the one firing it was a skilled marksman." This evidence as offered the court rejected. It is apparent that by this evidence appellant sought to obtain but the bare opinion of the witness, and therefore it was properly excluded for this reason, if for no other.

The judgment is fully sustained by the evidence, and it in

no manner appears that appellant has been prejudiced in the trial in any of his substantial rights. Therefore sound and well settled legal principles forbid us to interfere in the result reached in the lower court. Judgment affirmed.