## BRAXTON v. THE STATE.

[No. 19,563.    Filed October 1, 1901.]

CRIMINAL LAW.—*Instructions.—Harmless Error.*—The action of the court in giving and refusing to give certain instructions concerning the law applicable to assault and battery with intent to commit murder in the first and second degrees cannot be questioned by defendant on appeal, where he was acquitted of the intent to commit murder either in the first or second degree and was found guilty of assault and battery with intent to commit manslaughter. *pp. 214, 215.*

SAME.—*Instructions.—Assuming Facts to be Proved.*—Where, in the trial of an action for assault and battery with intent to commit

murder, the evidence showed without conflict that defendant first attacked and knocked the prosecuting witness down, rendering him unconscious by the blow, and that while he was lying on the ground in that condition defendant kicked him on the face and head, an instruction assuming the truth of the facts thus established will not work a reversal of the cause on appeal.  *p. 215.*

CRIMINAL LAW.—*Instructions.—Assuming Facts to be Proved.—Self-Defense.*—Where, in a prosecution for assault and battery with intent to kill, the evidence showed conclusively that defendant first attacked the prosecuting witness, and there was no evidence that the prosecuting witness was making or attempting to make any assault upon defendant, an instruction assuming the truth of such facts was not erroneous as taking from the jury defendant's right of self-defense.  *p. 215.*

SAME.—*Evidence.*—The jury are the exclusive judges of the facts proved, and of all inferences to be drawn therefrom in the trial of a criminal cause, and their finding will not be disturbed on appeal where there is some evidence to sustain it.  *p. 216.*

From Floyd Circuit Court; *W. C. Utz,* Judge.

Emmet Braxton was convicted of assault and battery with intent to commit manslaughter, and appeals.  *Affirmed.*

*C. D. Kelso,* for appellant.

*W. L. Taylor,* Attorney-General, *Merrill Moores, C. C. Hadley* and *G. B. McIntyre,* for State.

MONKS, C. J.—Appellant was charged by indictment with the crime of assault and battery with intent to commit murder in the first degree.   The trial resulted in a verdict of guilty of assault and battery with intent to commit manslaughter.   Over a motion for a new trial judgment was rendered on the verdict.   The errors assigned call in question the action of the court in overruling the motion for a new trial.   The causes assigned for a new trial and not waived by a failure to argue the same are: "(1) The court erred in giving each of instructions nine and sixteen; (2) the court erred in refusing to give each of instructions two and three requested by appellant; (3) the verdict is contrary to the evidence."

Instruction nine given by the court and instructions two and three requested by appellant were concerning the law

applicable to assault and battery with the intent to commit murder in the first and second degrees. As appellant was acquitted of the intent to commit murder either in the first or second degree, and found guilty of assault and battery with the intent to commit manslaughter, the errors, if any, in giving said instruction, or in refusing to give each of said instructions requested, were harmless. *Shields* v. *State,* 149 Ind. 395; *Rains* v. *State,* 152 Ind. 69, and cases cited.

The first objection urged to instruction sixteen given by the court is that it assumes that "appellant assaulted the prosecuting witness, Applegate, and therefore invades the province of the jury." The evidence given in the cause was clear and conclusive and without conflict that appellant first attacked and knocked the prosecuting witness down, that he was rendered unconscious by the blow, and that while he was lying on the ground in that condition appellant kicked him twice on the face and head. When facts are thus established without conflicting or opposing testimony, an instruction assuming the existence or truth thereof will not work a reversal of the cause, because the error, if any, is harmless. Thompson on Charging the jury, 74; *Carver* v. *Carver,* 97 Ind. 497, 518, 519, and cases cited; *Koerner* v. *State,* 98 Ind. 7, 13; *Smith* v. *State,* 28 Ind. 321, 327.

Appellant's next objection to said instruction is that it "took away from the jury the consideration of appellant's right of self-defense." There was no evidence that the prosecuting witness was making or attempting to make any assault upon appellant at or immediately before the assault and battery charged in the indictment, nor was there any evidence that the manner and actions of the prosecuting witness were such as to cause appellant to believe and that he did believe that he was in danger of losing his life or of suffering great bodily harm at the hands of the prosecuting witness unless he committed the acts charged. Appellant was not entitled therefore to have the law of self-defense given to the jury.

It is next insisted that "the jury were not justified in coming to the conclusion that appellant intended to kill the prosecuting witness." In criminal cases the jury are the exclusive judges of the facts proved and of all inferences to be drawn therefrom. *Burrows* v. *State,* 137 Ind. 474, 477, and cases cited, 45 Am. St. 210. After a careful examination of the evidence we cannot say that there was no evidence of such intent, and therefore cannot disturb the finding of the jury upon that issue. *American Varnish Co.* v. *Reed,* 154 Ind. 88; *Round* v. *State,* 152 Ind. 39. Judgment affirmed.

Dowling, J., did not participate in the decision of this cause.