## GINN v. THE STATE.

[No. 19,876.   Filed October 15, 1903.]

APPEAL AND ERROR.—*Instructions.*—*Joint Assignment of Error.*—An assignment in a motion for a new trial challenging all of the instructions given by the court as an entirety is not available on appeal unless all the instructions so challenged are erroneous. *p. 293.*

SAME.—*Instructions.*—*Harmless Error.*—Available error can not be predicated upon the refusal of the court to give an instruction, where the substance thereof was given by the court of its own motion.  *p. 293.*

CRIMINAL LAW.—*Confessions.*—*Admissibility in Evidence.*—A confession made by defendant, after his arrest, to one not an officer, voluntarily, and not under the influence of fear or threats, is admissible in evidence.  *pp. 293, 294.*

TRIAL.—*Evidence.*—*Objections.*—Objections made to testimony after the questions propounded to the witness were answered were too late.  *p. 294.*

SAME.—*Evidence.*—*Motion to Strike Out.*—Where evidence is admitted without objection it is not error to overrule a subsequent motion to strike it out.  *p. 294.*

CRIMINAL LAW.—*Evidence.*—*Murder.*—The admission of evidence in a prosecution for murder in the first degree tending to show premeditation and malice did not amount to reversible error, where defendant was convicted of murder in the second degree and there was other evidence clearly establishing the allegation of malice.  *p. 295.*

From Henry Circuit Court; *W. O. Barnard,* Judge.

Vincent Ginn was convicted of murder in the second degree, and appeals.   *Affirmed.*

*E. A. Nation, J. L. Watkins* and *W. A. Brown,* for appellant.

*C. W. Miller,* Attorney-General, *C. C. Hadley, W. C. Geake, L. G. Rothschild* and *Ed Jackson,* for State.

MONKS, C. J.—Appellant was charged by indictment with the crime of murder in the first degree.   A trial of said cause resulted in a verdict of murder in the second degree, and over a motion for a new trial final judgment was rendered thereon.

The errors assigned and not waived call in question the action of the court in overruling appellant's motion for a new trial.

Counsel for appellant insist that two instructions given by the court were erroneous, while the correctness of the other instructions given is not questioned in their brief. The motion for a new trial challenged the correctness of all the instructions given by the court as an entirety, the same as in *Crawford* v. *State,* 155 Ind. 692, 696. It has been uniformly held by this court that unless all the instructions so challenged were erroneous such an assignment is not effective, and must fail. *Crawford* v. *State, supra; Masterson* v. *State,* 144 Ind. 240, 246, and cases cited; *Conrad* v. *State,* 144 Ind. 290, 297; *Hannan* v. *State,* 149 Ind. 81. Said cause for a new trial must therefore fail.

It is urged that the court erred in refusing to give instruction number two requested by appellant. As the substance of said instruction was given by the court of its own motion in its own language, it is well settled that no available error was committed in refusing to give the same. *Rains* v. *State,* 137 Ind. 83, 91, and cases cited; *Delhaney* v. *State,* 115 Ind. 499, 501, and cases cited; *Stephenson* v. *State,* 110 Ind. 358, 374, 59 Am. Rep. 216, and cases cited; *Musser* v. *State,* 157 Ind. 423, 446, and cases cited.

After the arrest of the appellant he was taken before a justice of the peace, where, in a private conversation with one Doyle, a person not in authority, he made a confession. At the trial in the court below the State was permitted by the court, over the objection of the appellant, to give this conversation in evidence. Appellant insists that said ruling of the court was erroneous. It is provided by statute that "The confession of a defendant made under inducement, with all the circumstances, may be given in evidence against him, except when made under the influence of fear, produced by threats; but a confession made under

inducement is not sufficient to warrant a conviction without corroborating testimony." §1871 Burns 1901, §1802 R. S. 1881 and Horner 1901. There was no evidence that the confession made by appellant to said Doyle was made under the influence of fear or threats. On the contrary it appeared that the confession was voluntary. It is clear that said confession was admissible. Gillett, Crim. Law (2d ed.), §§852-864; *Walker* v. *State,* 136 Ind. 663, 668; *Palmer* v. *State,* 136 Ind. 393, 397; *Hauk* v. *State,* 148 Ind. 238, 251, 252, and cases cited. In *Hauk* v. *State, supra,* at page 252, this court said: "A confession by a person accused of a crime is presumed to be voluntarily made until the contrary is shown."

Appellant urges that the court erred in permitting the State to prove "that as much or more than one hour after the transaction, and in the absence of the appellant, that the water-valve out in the mill-yard, some distance away from the mill, had been so turned as to shut off the supply of water from the boilers in the mill," because "not a part of the *res gestæ.*" Counsel for appellant, in compliance with rule twenty-two of this court, have set out in their brief what purports to be a copy of that part of the bill of exceptions containing said testimony, and the objections and exceptions of appellant thereto, and the ruling of the court thereon. It appears therefrom that the only specific objections to said testimony urged on this appeal were made after the questions propounded to the witness had been answered. The objections not being seasonably made present no question. Afterwards the court overruled appellant's motion to strike out said testimony.

It has been uniformly held by this court that, when evidence is admitted without objection, it is not error to overrule a subsequent motion to strike it out, for the reason that such motion comes too late. *Lake Shore, etc., R. Co.* v. *McIntosh,* 140 Ind. 261, 280; *Gurley* v. *Park,* 135 Ind. 440, 443; *Brown* v. *Owen,* 94 Ind. 31, 34; *Bingham* v.

*Walk,* 128 Ind. 164, 173; *Chicago, etc., R. Co.* v. *Champion,* 9 Ind. App. 510, 525, 53 Am. St. 357. If said evidence was admissible, it was only on the theory that it tended to prove the allegations of premeditation and malice contained in the indictment. As the appellant was acquitted of the charge of murder in the first degree, and there was other undisputed evidence which clearly established the allegation of malice, it is evident that, even if said objections had been seasonably made, the error, if any, in admitting the evidence was harmless, and did not constitute reversible error. *Pigg* v. *State,* 145 Ind. 560, 564, 565, and cases cited on page 566; *Shields* v. *State,* 149 Ind. 395, 404; *Hart* v. *State,* 149 Ind. 585; *Robbins* v. *Masteller,* 147 Ind. 122, 125; *Naugle* v. *State, ex rel.,* 101 Ind. 284, 286; *Citizens State Bank* v. *Adams,* 91 Ind. 280, 288; *Holliday* v. *Thomas,* 90 Ind. 398, 402; *Stumph* v. *Miller,* 142 Ind. 442, 444, 445; *Parmlee* v. *Sloan,* 37 Ind. 469; *Snell* v. *Maddux,* 20 Ind. App. 169, 172, 173.

Upon a careful examination of the evidence we are satisfied that the verdict was clearly right, that a correct result was reached, and that no reasons exist for a reversal of the judgment. Judgment affirmed.