138   443|
s144  255|

CULVER *v.* SOUTH HAVEN & EASTERN RAILROAD CO.

1. Trial—Misconduct of Counsel—Both at Fault.
   Reversal will not be granted for misconduct of counsel where counsel on both sides are equally guilty.

2. Evidence—Testimony at Former Trial—Impeachment.
   Where, to contradict plaintiff, the court reporter is sworn, and testifies as to plaintiff's answers to two questions on a former trial, using an abstract from his notes to refresh his recollection, it is not competent for plaintiff to then read to the jury the entire abstract of his testimony on the former trial.

3. Master and Servant — Injuries to Servant — Pleading and Proof—Instructions.
   Where, in an action by a brakeman against a railroad company for personal injury, the declaration counts on a defect in the

track, an instruction that permits recovery on the theory that a coupler was defective is erroneous, and is not cured by a subsequent one that plaintiff, to succeed, must make out a case as alleged in his declaration.

4. SAME—DUTY OF MASTER—CARE REQUIRED—INSTRUCTIONS.
An instruction, in an action for injury to a brakeman, from his foot being caught between a bolt and a spike in the track, that it was defendant's duty to keep the space between the rails in a reasonably safe condition for the use of its employés, is erroneous; the company not being under the absolute duty to keep its tracks in a reasonably safe condition, but being required only to exercise reasonable watchfulness and care in inspecting its tracks and in keeping them in a reasonably safe condition.

Error to Van Buren; Carr, J. Submitted October 20, 1904. (Docket No. 68.) Decided December 14, 1904.

Case by William Culver against the South Haven & Eastern Railroad Company for personal injuries. There was judgment for plaintiff, and defendant brings error. Reversed.

*Samuel H. Kelley* (*Edward Maher*, of counsel), for appellant.

*T. J. Cavanaugh* and *L. A. Tabor*, for appellee.

MOORE, C. J. The plaintiff sued defendant to recover damages received by him while acting as a brakeman. He recovered a judgment for $15,000. A motion was made for a new trial, which was overruled. No request was made of the trial judge that he file his reasons for overruling the motion, and none were filed. The case is brought here by defendant by writ of error.

Counsel for defendant contend:

(1) The verdict was against the overwhelming weight of the evidence.

(2) That Culver was not in the exercise of ordinary care, being guilty of contributory negligence.

(3) That the defendant did not receive a fair trial, owing to misconduct.

(4) That the learned trial court erred in ruling upon evidence.

(5) That the learned trial court erred in charging the jury.

We will consider these questions in the order presented.

1 and 2 may be considered together. Was the verdict overwhelmingly against the weight of evidence? Can we say, as a matter of law, Culver was guilty of contributory negligence? Without going into details, we may say an examination of the record satisfies us the plaintiff presented a case making it the duty of the trial judge to submit it to a jury under proper instructions.

3. This assignment of error relates to the conduct of plaintiff's counsel during the taking of testimony and while presenting the case to the jury. We have no hesitancy in saying that if the conduct of Mr. Tabor, about which complaint is made, was the only improper conduct of counsel, we should reverse the case, and direct a new trial. The misconduct, however, was not confined to counsel upon one side. We do not feel it our duty to attempt from this record of nearly 300 pages to decide who of the counsel was most to blame. We do say the conduct of Mr. Tabor on one side and Mr. Maher on the other was such as ought not to be permitted in any court of record anywhere.

The language of Justice Shauck in *Cleveland, etc., R. Co.* v. *Pritschau,* 69 Ohio St. 438, 446, is pertinent here:

"If it be assumed that the orderly administration of justice is not to be insisted upon, and that the truth may, by accident, be evolved from such scenes as were here enacted, it is sufficient that the misconduct of counsel was in its natural effect prejudicial to the rights of the plaintiff in error, and it does not appear from the record that it did not in fact result in such prejudice. An examination of the cases cited and others justifies the conclusion that for such misconduct, and even for that which is less flagrant, judgments are always reversed, unless it is made to appear that its natural effect has been averted by court or counsel, or both. * * * Throughout the record a trial judge, personally distinguished for learning and probity,

appears as a grieved observer of continued improprieties which he thought himself powerless to suppress. It is entirely clear that he was unable to end them by admonition and entreaty, but he was clothed with ample power to suppress them inexorably. The county in which he sat has the complement of county buildings. * * * It is much more important to observe that the trial judge should not have permitted such conduct on the part of counsel as would result in a mistrial. This was due not only to the parties to the suit, but to the public. * * * The observations of the trial judge from time to time show that he had an intelligent appreciation of the gravity of the offenses which were committed before him. Why he thought it less important to suppress them than to give correct instructions to the jury as to the law of the case does not appear."

4. Did the court err in the admission of evidence? As a rule, he did not, but in one instance we think an error was made, which may have made a difference with the final result. There had been a former trial of the case, in which Mr. Culver was a witness. For the purpose of contradicting him the court reporter was sworn as a witness, and testified as to the answers made by Mr. Culver on the former trial to two questions, using an abstract taken from his notes to refresh his recollection. The plaintiff was then allowed to read to the jury the entire abstract of the testimony given by Mr. Culver on the former trial. We do not think this was competent. The other assignments of error in relation to this branch of the case are either not well taken or are not at all likely to occur again.

5. Did the trial judge err in his charge to the jury? He gave all of defendant's requests to charge which it was proper for him to give. With one exception, we think the remaining portion of his charge was a correct statement of the law. It is the claim of plaintiff, and so stated in his declaration, that while attempting to couple a car his foot caught between a bolt which projected through the rail of the track and a spike which projected up from the

railroad tie, and while thus caught that he was run down by the car and severely injured.

Among other things, the judge charged the jury:

"You are instructed that the defendant owed it as a duty to the plaintiff as a brakeman on the road to keep the coupler on the caboose of the train on which he was directed to work in a reasonably safe condition for use, and so it could be safely coupled onto another car at any time when necessary. And if you find that at the time plaintiff was injured it was broken, or out of repair so it could not be safely used or coupled onto another car, and plaintiff was so informed by the conductor; and because of its being so broken or out of repair the conductor directed the plaintiff to go to the car then being backed up to be coupled onto the caboose, but that the coupler on that car was not so constructed that it could be coupled onto the caboose from its sides, but was so constructed that, in order to open it, plaintiff was obliged to go in front of it, between that car and the caboose, and while there in the discharge of his duty, and while in the exercise of ordinary care and prudence, was injured by being run over—then the plaintiff is entitled to recover in this case."

It will be observed that this charge would permit the jury to give plaintiff a verdict for a cause of action not stated in his declaration. It is true that in another part of the charge the jury was told plaintiff must make out a case as alleged in his declaration, but we are not able to say it may not have been misled by the charge we have quoted. The court also charged as follows:

"You are instructed that it was the defendant's duty to keep the space between the rails and tracks in a reasonably safe condition for the use of its employés when there in the discharge of their duty."

The duty which the law imposes upon the company is to exercise reasonable watchfulness and care in inspecting its tracks and in keeping them in a reasonably safe condition. The law does not impose the absolute duty to keep them in a reasonably safe condition. *Anderson* v. *Railroad Co.*, 107 Mich. 591; 3 Elliott on Railroads, § 1268. Under this instruction, if the company had exer-

cised all ordinary care and watchfulness, and the roadbed had for some reason suddenly become unsafe, the company would be held liable. To illustrate: If some one had driven the spike there, or immediately after inspection had placed some obstruction upon the roadbed, thereby making it unsafe, the defendant would have been liable.

For the reasons assigned, the judgment is reversed, and a new trial ordered.

The other Justices concurred.