## TYRREL *v.* STATE OF INDIANA.

[No. 22,028.   Filed January 12, 1912.]

1. WITNESSES.—*Competency.—Child Under Ten Years of Age.—Discretion of Court.*—Under §520, subd. 2, Burns 1908, §497 R. S. 1881, which provides that children under ten years of age are incompetent to testify "unless it appears that they understand the nature of an oath," it is for the trial court to determine whether a child under ten years of age is competent to testify, and where the trial court, after an examination, determines that such child is competent it would require a case of manifest abuse of discretion to authorize any interference on appeal. p. 15.

2. WITNESSES.—*Competency.—Credibility.—Question for Jury.*—Where the court permits a child under the age of ten years to testify it only determines that the witness is competent, and the credibility of the witness and the weight to be given the testimony are for the jury to determine.  p. 16.

3. CRIMINAL LAW.—*Evidence.—Similar Offenses.—Harmless Error.*—In a prosecution on a charge of assault and battery with intent to rape, where defendant is acquitted of the intent charged, objections to the admission of evidence of similar offenses by the defendant to prove the intent charged will not be considered on appeal.  p. 16.

4. WITNESSES. — *Impeachment.—Statements at Former Trial.—Admissibility to Sustain Witness.*—Where a witness is contradicted by evidence of statements made by him at a former trial, and the contradiction is for the purpose of impeachment, the party by whom the witness was called may prove only so much of the testimony of such witness at the former trial as explains, modifies or is necessary to enable the court or jury trying the cause to understand the impeaching statements.  p. 17.

From Fayette Circuit Court; *George L. Gray,* Judge.

Prosecution by the State of Indiana against Alexander D. Tyrrel.   From a judgment of conviction, the defendant appeals.  *Reversed.*

*Reuben Conner, Lon Conner, Albert L. Chrisman,* for appellant.

*Thomas M. Honan,* Attorney-General, *Thomas H. Branaman, Edwin Corr, James E. McCullough,* for the State.

MONKS, J.—Appellant was tried on an indictment charging him with assault and battery on a female child under the age of sixteen years, to wit, of the age of seven years, with the unlawful and felonious intent to ravish and carnally know said child, in violation of §2240 Burns 1908, Acts 1905 p. 584, §352. He was acquitted of the intent charged, and found guilty of assault and battery only. The crime of rape on a female child under sixteen years is defined by §2250 Burns 1908, Acts 1907 p. 85. The only error assigned in this court is that the court erred in overruling appellant's motion for a new trial.

At the time of the trial the female child on whom the crime is alleged to have been committed was about seven years and eleven months old. After an examination in regard to her capacity to testify, the court determined that she was competent to testify under §520, subd. 2, Burns 1908, §497 R. S. 1881, which provides that children under ten years of age are incompetent to testify "unless it appears that they understand the nature of an oath." Over the objection of appellant that she was incompetent, said witness was permitted to testify, and after the conclusion of her testimony, appellant moved to strike it out, for the reason "that her examination shows that she has not sufficient knowledge of the oath to testify in a case of this kind." This motion was overruled by the court.

Whether a child under ten years of age is competent to testify is a question for the trial court to determine, and when, as in this case, the trial court determines that

1. the witness is competent, it would require a case of manifest abuse of discretion to authorize this court to interfere. *Blackwell* v. *State* (1858), 11 Ind. 196, 198; *Batterson* v. *State* (1878), 63 Ind. 531, 536; *Taylor* v. *McGrath* (1894), 9 Ind. App. 30, 32, 36 N. E. 163, and cases cited; *State* v. *Juneau* (1894), 88 Wis. 180, 59 N. W. 580, 43 Am. St. 877, 24 L. R. A. 857, and cases cited; *State* v. *Jackson* (1881), 9 Or. 457; *Wade* v. *State* (1874), 50 Ala.

164; *Smith* v. *Commonwealth* (1889), 85 Va. 924, 926, 927, 9 S. E. 148; 12 Cyc. 893.

In *Blackwell* v. *State, supra,* this court said on page 198: "But we must, in this case, presume in favor of the action of the circuit court, for the reason that that court had the proposed witness in its presence, and was, therefore, enabled to estimate, to some extent, her capacity, from her appearance, and the manner of her replies in the examination."

The court in permitting the witness to testify only determined that she was competent, and her credibility as a witness, and the weight to be given to her testimony, 2. were for the determination of the jury. Whether she was a competent witness was a question of fact, determined by the trial court, and as the court was satisfied of her competency to testify, we cannot say that there has been such an abuse of discretion as would authorize this court to interfere.

Evidence of similar offenses by appellant was admitted, over his objection, to prove the intent charged in the indictment. Appellant claims (1) that such evidence is 3. not admissible in a case like this, (2) that if it is, it must not be equivocal, but must point with certainty to the commission of a like crime. It is unnecessary to consider either of said objections, for the reason that appellant was acquitted of the intent charged in the indictment. It has been held uniformly by this court that when an issue in a cause, civil or criminal, has been found in favor of a party, the erroneous admission of evidence concerning such issue, or the giving of erroneous instructions as to such issue, is harmless, and does not constitute reversible error in favor of the party in whose favor such issue is found. *Ginn* v. *State* (1903), 161 Ind. 292, 295, 68 N. E. 294, and cases cited; *Shields* v. *State* (1897), 149 Ind. 395, 404, 49 N. E. 351; *Hart* v. *State* (1898), 149 Ind. 585, 49 N. E. 580; *Braxton* v. *State* (1901), 157 Ind. 213, 215, 61 N. E.

195; *Starr* v. *State* (1903), 160 Ind. 661, 666, 67 N. E. 527; *Rains* v. *State* (1899), 152 Ind. 69, and cases cited, 52 N. E. 450; *Rollins* v. *State* (1878), 62 Ind. 46; *Bannen* v. *State* (1902), 115 Wis. 317, 91 N. W. 107, 110, 111; *Pittsburgh, etc., R. Co.* v. *Indiana Horseshoe Co.* (1900), 154 Ind. 322, 335, 336, 56 N. E. 766; *Miller* v. *Louisville, etc., R. Co.* (1891), 128 Ind. 97, 102, 27 N. E. 339, 25 Am. St. 418; *Robbins* v. *Masteller* (1897), 147 Ind. 122, 125, 46 N. E. 330; *Wright* v. *McLarinan* (1883), 92 Ind. 103, 106; *Swygart* v. *Willard* (1906), 166 Ind. 25, 34, 76 N. E. 755; *Peden* v. *Scott* (1905), 35 Ind. App. 370, 373, 73 N. E. 1099.

This prosecution was commenced before the mayor of Connersville, and at the trial of appellant before the mayor, the prosecuting witness testified on behalf of the State. Her evidence was taken down by a stenographer. At the trial below, appellant, for the purpose of impeaching said witness, after laying the proper foundation therefor, called said stenographer as a witness, who read in evidence certain questions asked, and the answers given by the prosecuting witness at the preliminary trial. These answers are claimed to be in contradiction of the evidence of said prosecuting witness at the trial in the court below as to the place in appellant's store-room where it is claimed the crime charged was committed, and also as to the number of times the prosecuting witness was at said store-room after said offense is claimed to have been committed. On cross-examination by the State, said stenographer was permitted, over the objection of appellant, to read in evidence all the testimony given at the preliminary trial by said prosecuting witness.

It is settled law in this State, that in cases where a witness is contradicted by evidence of statements, whether at a former trial or not, different from those made at the trial, and the contradiction is for the purpose of impeachment, the party by whom the witness was called may prove state-

ments in harmony with that part of his testimony which has been contradicted by the alleged contradictory statements. *Hicks* v. *State* (1905), 165 Ind. 440, 75 N. E. 641, and cases cited.

This rule, however, does not authorize the admission of all prior statements of the witness in harmony with his testimony at the trial, but, as we have already said, only such as are in harmony with the part of his testimony which has been contradicted. When, as in this case, the alleged contradiction is by giving in evidence statements of a witness at a former trial, this does not authorize the party calling the witness to give in evidence all the testimony of such witness at the former trial, but only so much thereof as explains, modifies or is necessary to enable the court or jury trying the cause to understand the statements introduced to impeach the witness. *Culver* v. *South Haven, etc., R. Co.* (1904), 138 Mich. 443, 446, 101 N. W. 663; *Colby* v. *Reams* (1909), 109 Va. 308, 63 S. E. 1009; *Rudy* v. *Myton* (1902), 19 Pa. Super. Ct. 312; *Thornton* v. *State* (1901), 65 S. W. (Tex. Cr.) 1105, 1108; *Noyes* v. *Gilman* (1880), 71 Me. 394; *Whitman* v. *Morey* (1885), 63 N. H. 448, 2 Atl. 899; *Casey* v. *State* (1906), 50 Tex. Cr. 392, 97 S. W. 496; *Falkner* v. *State* (1907), 151 Ala. 77, 44 South. 409; *Hicks* v. *State, supra.*

While the State was entitled to prove by said stenographer all that part of the testimony of the prosecuting witness at the preliminary trial before the mayor that modified, explained or was necessary to enable the jury fully to understand the part thereof given to impeach her at the trial in the court below, it was error to permit the State to give in evidence any other testimony of said prosecuting witness at the preliminary trial.

Judgment reversed, with instructions to sustain appellant's motion for a new trial, and for further proceedings not inconsistent with this opinion.

NOTE.—Reported in 97 N. E. 14. See, also, under (1) 40 Cyc. 2200; 19 L. R. A. 605; 124 Am. St. 297; 14 Ann. Cas. 7; (2) 38 Cyc. 1521; 40 Cyc. 2593; (3) 12 Cyc. 925; (4) 40 Cyc. 2758. As to admissibility of declarations of infant too young to be sworn as a witness, see 65 L. R. A. 316.